# N. Adeline Irwin's Appeal in J. Morton Albertson v. Ninian Irwin.

Where a court in refusing to open a judgment orders the plaintiff therein to remit certain amounts of usurious interest wrongly included in the judgment, the costs of the proceedings to open the judgment should be imposed upon such plaintiff.

(Argued January 31, 1888. Decided March 5, 1888.)

January Term, 1887, No. 124, E. D., before GORDON, Ch. J., PAXSON, STERRETT, GREEN, and WILLIAMS, JJ. Appeal from a decree of the Common Pleas of Montgomery County discharging a rule to open a judgment. Amended and affirmed.

April 28, 1877, judgment was entered by J. Morton Albertson against Ninian Irwin on a single bill dated April 12, 1877. December 3, 1883, N. Adeline Irwin, widow and executrix of Ninian Irwin, presented her petition for a rule to open the judgment. The petition averred that Ninian Irwin at the time he executed the note was in a dying condition; that he did not understand the effect of it, and had no idea that it contained authority to enter a judgment against him; that his mind was impaired by sickness and age; and that while he was in this condition Albertson came to his house and insisted upon seeing him, and against the remonstrances of the petitioner forced his way into her husband's room, and, having the note ready, obtained his signature, although he was only able to write with the assistance of another person holding the pen; that the note, although dated April 12, was really executed April 28, 1877; that petitioner had heard her husband declare that Albertson had taken advantage of him or words to that effect; and petitioner believed that nothing was due on the judgment.

A rule was granted to show cause why the judgment should not be opened.

---

NOTE.—Costs in equitable proceedings are within the discretion of the court, but its exercise must be reasonable, and not arbitrary. Thomson's Appeal, 11 W. N. C. 414; Biddle's Appeal, 19 W. N. C. 219. The one making the expense necessary should be charged with it. Evans's Estate, 155 Pa. 646, 26 Atl. 739; Large v. Davis, 12 W. N. C. 33; Bedell's Appeal, 87 Pa. 510; Barhite's Appeal, 126 Pa. 404, 17 Atl. 617.

This rule was subsequently discharged, the court, BOYER, P. J., filing the following opinion, in which further facts are stated:

We have carefully examined and considered the evidence submitted to the court in the matter of this application, and have reached the conclusion that in the light before us we would not be justified in opening the judgment for a trial by jury.

The whole question turns upon the date of the execution of the judgment note in dispute, and its consideration. The weight of the reliable testimony greatly preponderates in fixing the date of the execution as of the 20th of April, 1877. This was fully two weeks before the death of Ninian Irwin, on the fifth day of the following month. The testimony of the witnesses whose impressions favor a later date is vague and uncertain, and in some instances contradictory; whereas, the entries in the bank books testified to as made of that date, and the discount book, counter book, and general index, corroborating each other, and corresponding with the aggregate amount of entries credited to that day, and the note numbered in the books in its regular order, and the testimony of Isaac Roberts, and of Martha Howard, who were employed at the banking house, and who prove the entries, furnish corroborative and convincing evidence of the existence of the note at that date, too strong to be overcome or seriously shaken by the vague recollections of witnesses who made no memorandums at the time, and who are unable now, after the lapse of nearly seven years, to refresh their recollection by any precise or reliable *data*.

Assuming, therefore, as we cannot help doing, that the $8,000 judgment note was signed on the 20th of April, I have searched in vain for any sufficient evidence that at that date the decedent was incompetent to understand and intelligently execute the instrument. It was witnessed by two subscribing witnesses, whose act in so doing seems to imply its recognition by them as an intelligent act, and operates to weaken their impression now of its having been done at a later date, when the decedent had grown worse.

If during the investigation facts had been elicited which showed fraud on the part of Mr. Albertson, or failure of consideration, they would furnish substantial evidence that advantage had been taken of Mr. Irwin's condition, and we should not hesitate to open the judgment. But the note has been proven to have been given for a balance of indebtedness arising out of

transactions between the parties legitimate in all respects, save in the charge of usurious interest, voluntarily paid upon previous notes renewed before the last illness of Mr. Irwin, and of which Mr. Albertson has furnished a statement, and which now being an ascertained amount he consents to have deducted.

Although unlawful, such former receipts of interest higher than the legal rate, and paid by agreement, cannot be considered fraudulent and have no weight upon the point in controversy, except to reduce the amount collectible.

The whole question of consideration out of which the original indebtedness of Irwin to Albertson grew, was fully gone into, showing that Albertson had been the creditor of Earnest and Delp in a large amount; and was about to sell, under execution, their property in Somerset county, when, at their instance, Irwin was induced to purchase Albertson's claims, assuming the debt and receiving an assignment of all the securities for the same, held by Albertson. This took place as early as 1874, and presents no other features than those of an ordinary and lawful business transaction.

Under all the evidence before the court upon this application, to open the judgment now, after an acquiescence of nearly seven years, and the partial payment of it by distribution in the orphans' court, would be, in the judgment of the court, an unjust exercise of its discretion.

And now, February 16, 1885, the rule is discharged; the respondent, by reason of the reduction of amount, to pay the costs of the proceeding.

Subsequently another petition was presented for a rule to open the judgment; this was refused, on condition that the plaintiff should, within five days, file of record a remittal of the amount of usurious interest included in the judgment, as before ascertained from his admissions.

The assignment of error specified this action of the court in refusing to open the judgment.

*G. R. Fox & Son,* for appellant.—It is wholly immaterial under whatever form or pretense usury is concealed; if it can by any means be discovered, the court will refuse to enforce its payment. Earnest v. Hoskins, 100 Pa. 551; Hartranft v. Uhlinger, 115 Pa. 270, 8 Atl. 244.

By the judgment, the plaintiff, having acquired a lien upon the real estate, obtained an advantage over all other creditors. It is contended that because an auditor in the orphans' court awarded him, without objection, on account of his judgment, the balance of the proceeds of certain real estate, his claim to the whole was adjudicated and established. But it is settled law (*Re* Dyott, 2 Watts & S. 567) that the auditor could not go behind the judgment; and there was then no knowledge by the executrix or her counsel, of the facts which in after years came gradually to light. The manner in which the judgment was obtained was then known, but none of the facts had been so discovered as to enable the executrix to prove that the amount claimed was not correct.

If the assignee of a bond fail to recover from the obligor, by reason of a prior failure of consideration, he may recover back the amount paid from his assignor. Kauffelt v. Leber, 9 Watts & S. 93.

Failure of consideration is an equitable defense in all of several bonds founded on the same transaction, and applicable to successive actions on any of them, until the debt is compensated by defalcation to the extent of his loss. Good v. Good, 9 Watts, 567; Geiger v. Cook, 3 Watts & S. 266; McDowell v. Meredith, 4 Whart. 311.

Where there is evidence, as to a promissory note, tending to show unfairness, undue influence, or fraud, the evidence may take a wide range. Hartman v. Shaffer, 71 Pa. 312.

*Geo. W. Rogers, Charles Hunischer,* and *D. Ogden Rogers,* for appellee.—The exercise of jurisdiction upon rules to open judgments entered upon warrants of attorney has always been held to be within the sound discretion of the courts. The court may judge of the weight of the evidence and the credibility of witnesses, and not send the case to a jury. Earley's Appeal, 90 Pa. 321; Wernet's Appeal, 91 Pa. 319; Sand's Appeal, 37 Phila. Leg. Int. 158.

PER CURIAM:

We are not convinced that the court below exceeded its legal discretion in refusing to open the judgment, concerning which complaint was made. We are, however, of the opinion that the costs of the proceedings should have been put upon Albertson.

The complaint of the executrix was not wholly without foundation, inasmuch as there was included an amount of usurious interest which the court justly compelled the plaintiff to remit.

We direct, therefore, that the order of the court below be so amended as to impose the costs of the proceedings to open the judgment on Albertson, the plaintiff. With this amendment the decree of the court is affirmed, at costs of appellee.