## Armstrong County, Appellant, v. Plumcreek Township Overseers.

[Marked to be reported.]

*Poor laws—Settlement—Lunatic—Costs—Support—Res judicata.*

In an order committing a lunatic who was a pauper, the court granted a rule upon the overseers of a township to show cause why they should not pay to the county the expenses and costs of the proceedings in lunacy. The overseers by their answer denied the liability and the settlement. The court discharged the rule " without prejudice to the county as to further proceedings against the township of last settlement when ascertained." *Held,* that the discharge of the rule was conclusive in favor of the township against which the rule was directed, and that the county could not proceed against it a second time for the purpose of collecting the expense of the support of the lunatic.

Argued Oct. 11, 1893. Appeal, No. 143, Oct. T., 1893, by plaintiff from order of C. P. Armstrong Co., Dec. T., 1882, No. 154, discharging rule against Plumcreek Township Overseers. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and THOMPSON, JJ.

Rule on defendants to pay expense of support of lunatic.

The following facts appear by the record: David Hall was found to be insane in Plumcreek township on Oct. 31, 1882, by a commission in lunacy, at No. 154, Dec. T., 1882, under the act of April 20, 1869, § 6, P. L. 78, and was committed to the Western Pennsylvania Hospital for the Insane at Dixmont, at the cost of Armstrong county. At the same time the court issued a " rule upon the Overseers of the Poor of Plumcreek Township to show cause why they should not pay the expenses and costs of this proceeding." The court fixed the costs at $20.

On Dec. 4, 1882, the Overseers of the Poor of Plumcreek Township filed their answer to said rule as follows:

" The answer of the Overseers of the Poor of Plumcreek Township respectfully denies that the said township is in any manner liable for the costs of the proceeding in this case, as the said David Hall was not legally settled in the township of Plumcreek at the commencement of the proceeding, nor at any time for the last four years, but that his brother, who made the appli-

cation for the proceeding in this case, is of sufficient ability to pay the costs and maintain the said David Hall, as also are his other brothers named Rancon Hall and Finley Hall; that the said David Hall at the time of his insanity was not a resident in the said township of Plumcreek."

The court made the following order: "May 4, 1885. Rule discharged without prejudice to county as to further proceedings against the township of last settlement when ascertained, per motion of Mr. Whitworth, attorney for county. By the Court."

On June 6, 1892, the county commissioners of Armstrong county presented their petition to the said court at No. 154, Dec. term, 1882, setting forth that the said David Hall had been adjudged a lunatic and committed to the asylum; that the said county had expended $920.44 for his support, and that they were informed and believed that at the time of said commitment the last legal settlement or residence of the said David Hall was in the township of Plumcreek, Armstrong county, and asked for a rule on the overseers of the poor of said township. Thereupon the court granted the following rule, viz.: "And now, June 6, 1892, on presentation of within petition, prayer of the petitioners granted, and rule issued on the Overseers of the Poor of Plumcreek Township, to show cause why the last legal settlement or residence of said David Hall should not be certified to be in the township of Plumcreek and why the said township should not pay to Armstrong county $920.44, money expended for the support of said David Hall at the asylum. Answer under oath to be filed in ten days from service hereof denying facts herein, otherwise the same deemed admitted. By the Court."

On June 27, 1892, the overseers of said township filed the following answer: "They deny that the last place of legal residence or settlement of the said lunatic, David Hall, was in the township of Plumcreek, or that said township is in any manner liable for his support or to reimburse the said county.

"Your affiants would further say that on Oct. 31, 1882, a similar rule in the same case was granted on the Overseers of the Poor of Plumcreek Township and duly served and an answer filed denying the liability of said township for the support of said pauper, and that upon testimony taken and argument of

said rule, it was thereon decided and determined that the last place of legal settlement of said David Hall was not in Plumcreek township, and said rule was discharged, and your affiants are informed and believe that said matter has been fully decided and determined by the court of common pleas of Armstrong county and cannot be again inquired into by your honorable court."

The court discharged the rule in an opinion in part as follows, by RAYBURN, P. J.:

" Plumcreek township is the poor district where David Hall became chargeable, and he having no place of legal settlement in Pennsylvania, this poor district is liable to the county of Armstrong for the money expended in maintaining him at the asylum, unless there is something else in this case that would free said township from this liability. . . .

[" It is contended on the part of said township that by reason of the court having at the time of committing David Hall to the asylum entered a rule on the Overseers of the Poor of Plumcreek Township to show cause why they should not pay the expenses and costs of the lunacy proceedings, and this rule having been discharged after answer filed and testimony taken, this matter is res adjudicata, and the county cannot recover.

" The order made by the court in discharging said rule is: ' May 4, 1885. Rule discharged without prejudice to county as to further proceedings against the township of last settlement when ascertained.' Before the township could be made liable for the costs and expenses of the lunacy proceedings, it would have to be established that David Hall, the lunatic, had a settlement or residence in Plumcreek township at the time of his being committed; that was the vital question to be decided by the said rule to show cause. If a settlement or residence had been established in Plumcreek township, then the rule would have been made absolute, and the township would have been made liable. The rule, however, was discharged, and we conclude that the county failed to establish that the lunatic had had either a settlement or residence in Plumcreek township. What was this rule obtained for if it were not to fix the residence or settlement of David Hall in said township? And it was the duty of the county in support of their rule to take

the evidence to show the fact of settlement or residence, if such facts existed, and not having done so, we are of the opinion that Plumcreek township cannot now be called upon to try this matter again. Persons, townships or municipalities cannot be called upon to make answer to claims which have been once in court and disposed of, where the claimant had every opportunity to produce them before the court in his case.

" In the case of Pennock, Adm'r, v. Kennedy, 153 Pa. 579, it was held 'that a judgment entered for want of an affidavit of defence and affirmed by the Supreme Court, on appeal, is conclusive of the matters that were actually considered and those that might have been considered if the defendant had exercised the vigilance the law requires of parties litigant in the preparation and trial of their cases.'

" The court made an order discharging the rule, this order remains unappealed from, and it is conclusive against the county of all matters that were considered or might have been considered, had the county of Armstrong exercised the vigilance required. The only matter for consideration in the rule really was the question of residence or settlement of David Hall, as there does not seem to be any dispute as to the amount expended by the county in support of the lunatic at the asylum. Nor do we think it sufficient for the county to answer to this contention ' that the matter is res adjudicata,' that the rule was discharged without prejudice, because from the very wording of the order discharging the rule, viz., ' without prejudice to the county as to further proceedings against the township of last settlement when ascertained,' we would infer that the intention was to proceed against a township other than Plumcreek. Had it been the intention to still proceed against Plumcreek township and the county was not prepared to go on with the argument, the proper practice would have been to have had a continuance of the rule until some future time; and this conclusion is strengthened, we think, from the fact that over five years elapsed from the time of discharging the first rule to the granting of the one now before us.]" [1]

Plaintiff's points were among others as follows:

" 13. That the place of his residence at the time of his commitment, being in Plumcreek township, the overseers of said township are liable (in the event of the said David Hall not

having a settlement in this commonwealth) to pay to the
county of Armstrong the amount so expended, together with
the costs of these proceedings." Refused. [2]

" 16. The rules and orders [of Oct. 31, 1882, and May 4, 1885,
quoting them] are not a bar to the right of the county to re-
cover the amount expended by the county as aforesaid. *An-
swer :* Refused so far as the same applies to defendant." [3]

Defendant's points were among others as follows:

" 10. On Oct. 31, 1882, a rule was granted in the present
case upon the Overseers of the Poor of Plumcreek Township,
to show cause why they should not pay the expenses and costs
of this proceeding. On Dec. 4, 1882, the overseers of the poor
answered said rule setting forth inter alia that David Hall
was not a resident of said township, that testimony was after-
wards taken on said rule, and that afterwards, to-wit, May 4,
1885, said rule was discharged by the court without prejudice
to proceed against the township of the last place of legal settle-
ment of David Hall." Affirmed. [4]

" 11. Under the facts set forth in the 10th point the matter
now in dispute is res adjudicata as to Plumcreek township, and
cannot be inquired into in the present proceeding." Af-
firmed. [4]

*Errors assigned* were (1–4) above rulings, quoting them.

*John F. Whitworth,* for appellant.—The discharge of the first
rule was in effect a discontinuance, and would not be a bar to
a renewal of the same thereafter. The rule was erroneously
issued in the first instance, and it should have been a rule to
show cause why the settlement or residence of the said lunatic
should not be certified to be in said township. It was the right
and duty of the attorney for the county to have the rule with-
drawn and a proper rule issued, that the question might be
properly determined, and not take the chances of an adverse
decision on an improper rule.

The rule was, as it expressly states, to determine the liability
of the township for the payment of lunacy expenses. No other
expenses at that time had been incurred. The question of res-
idence or settlement was in no way involved, and could not
be. In no event would the township be liable for such costs
and expenses, as there is no law that imposes on the township

of the residence or settlement of a lunatic the burden of paying the costs and expenses incident to an inquiry into the mental condition of an alleged lunatic.

It was held in Brickway's Case, 80 Pa. 65, that the court of common pleas has authority to inquire into the mental condition of the alleged lunatic; to commit to the hospital; to adjudicate the question of residence or settlement, and to enforce the payment of expenses incurred in the support of the lunatic at the asylum. The act of April 22, 1863, P. L. 539, and the case of Harmony Overseers v. Forest Co., 91 Pa. 404, provides and decides that, in the absence of a settlement in this commonwealth, the poor district in which the lunatic resided at the time of his commitment is liable to the county for the money expended in the support of a lunatic committed to the Western Pennsylvania Hospital.

*W. D. Patton*, for appellee.—Only the record can be reviewed, and, as there is no assignment of error here in regard to the record, this ought to end the case: Miller v. Hershey, 59 Pa. 64; D'Arro's Ap., 89 Pa. 51; Solt's Ap., 4 W. N. 298.

Appellant was bound to show that Plumcreek township was the district in which the pauper last gained a settlement: Overseers of Cowanshannock v. Overseers of Valley, 152 Pa. 504. Whether or not this was done this court cannot say, for they have neither the evidence nor the legal principle involved in the case before them.

OPINION BY MR. JUSTICE THOMPSON, October 30, 1893:

The conclusiveness of the order discharging the rule under the first petition is decisive of appellant's contention in this case. That order was made "without prejudice to the county as to further proceedings against the township of last settlement when ascertained." Armed with this apparently roving commission appellant proceeded against several townships, and after failure in every instance finally made a second attack upon the appellees. In the order committing the lunatic, the court granted a rule upon the Overseers of Plumcreek Township, the appellees, to show cause why they should not pay the expenses and costs of the proceedings in lunacy. The appellees by their answer denied the liability and the settlement. The basis of

any liability on the part of appellees to pay the expenses and costs referred to rested upon the legal settlement or residence of the lunatic in Plumcreek township. It is manifest that in discharging the rule the court decided that the appellant had failed to establish this ground of liability, and therefore determined the questions now raised in this proceeding. A judgment between the same parties is conclusive of matters determined or which might have been determined: Pennock v. Kennedy, 153 Pa. 579.

As the evidence is not before us, the assignments of error touching the record present the only matters for consideration. That record shows the rule discharged "without prejudice to the county to proceed against the township of last settlement when ascertained." This discharge of the rule ended the contention as to the appellees, and was a determination against appellant. Up to the filing of the present petition, years having elapsed, that determination remained unquestioned by appellant. The words "without prejudice to the county as to further proceedings against the township of last settlement when ascertained" relate to townships other than Plumcreek. The answer in that proceeding and the discharge of the rule established this conclusion. In the answer filed by appellees in the present proceeding it is averred that the rule was discharged "upon testimony taken and argument of said rule." Thus it appears after testimony taken and argument a decision upon the merits of the case was reached and the rule accordingly discharged. As to appellees, it was a final determination of the question of settlement and residence, and the addition of the words "without prejudice," etc., did not change it. As there is no evidence before us, and as the answer of the appellees denies the last place of residence or settlement of the lunatic in Plumcreek township, there is nothing to warrant the conclusion of any liability on the part of appellees.

The assignments of error are not sustained and the judgment is affirmed.