# H. Silberman & Co:, Appellants, *v.* J. J. Shuklansky and Solomon Rosenblum.

*Judgment—Rule to open—Equitable powers—Bill of review.*

A rule to open a judgment entered upon a warrant of attorney is an appeal to the equitable powers of the court, and will be considered as in the nature of a bill of review, notwithstanding the fact that a rule to open the same judgment had been discharged at a previous term of court.

Argued Oct. 15, 1895. Appeal, No. 145, Oct. T., 1895, by plaintiff from order of C. P. Lawrence Co., June T., 1894, No. 308, making absolute a rule to open a judgment. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Rule to open judgment. Before MILLER, P. J., specially presiding.

On May 24, 1894, a judgment was confessed in favor of plaintiff and against defendants for $5,250 with interest from March 21, 1894, and an attorney's commission of $262.50 on a note bearing date, Newcastle, Pa., March 21, 1894, at sixty days, to the order of plaintiff for five thousand two hundred and fifty dollars, with interest from date, with warrant of attorney for confessing judgment thereon, signed by defendant under seal, and writ of fi. fa. was issued on said judgment and a levy made upon the property of Solomon Rosenblum, one of the defendants, who thereupon presented his petition to the court, alleging that said note had been fraudulently altered and raised

in amount from $250 to $5,250. A rule was granted to show cause why said judgment should not be opened, which was discharged on the 7th of July, 1894.

The rule under consideration was granted on a subsequent petition nearly two months after the former one was discharged.

Further facts appear by the opinion of the Supreme Court. The rule to open the judgment was made absolute.

*Error assigned* was order making absolute rule to open judgment.

*E. M. Underwood*, *W. H. Falls* and *Winternitz & McConahy* with him, for appellants.—The discharge of the rule to show cause after a full hearing upon the merits was an adversary judgment, and adjudicated the questions therein raised: Whitewell v. Emery, 59 Am. Dec. 22; Basset v. U. S., 9 Wall. 38; Dauchey v. Goodrick, 20 Vt. 127; Bissell v. Kellogg, 60 Barb. 617; Kibbe v. Howard, 7 Wis. 150; Black on Judgments, par. 687; Gordinier's App., 89 Pa. 528; Frauenthal's App., 100 Pa. 290; Ralston's Est., 158 Pa. 645; Schenck's App., 94 Pa. 37; Saunder's App., 19 W. N. C. 507; Heilman v. Kroh, 155 Pa. 1; Metropolitan R. R. v. Manhattan R. R., 14 Abb. N. C. 98; Webb v. Buckelew, 82 N. Y. 555; Collins v. Jenkins, 42 Iowa, 447; Wharton on Evidence, 781; Souther v. Baymore, 7 Pa. 415; Black on Judgments, par. 297, 509.

Being an adversary judgment of the court of common pleas, the court has no power to set it aside except for irregularities upon the face of the record, and no power to open it, except for fraud: Bronson v. Schulten, 104 U. S. 410; King v. Brook, 72 Pa. 363; Catline v. Robinson, 2 Watts, 373; Stephens v. Cowan, 6 Watts, 511; Loomis v. Lane, 29 Pa. 246; Koons v. Benscotter, 2 Kulp, 451; Armstrong Co. v. Overseers, 158 Pa. 92.

After the end of the term, the court having lost control of the judgment has no power to grant a rehearing or new trial: Lance v. Bonnell, 105 Pa. 46; Oil Co. v. Carothers, 63 Pa. 379; Goss v. McClaren, 67 Am. Dec. 646; Bank v. Little, 7 W. N. C. 406.

Calling the petition for a new trial a bill of review does not entitle the petitioner to the relief he would have had if he had proceeded by the bill: Riddle's Est., 19 Pa. 431; Livingston

v. Hubbs, 3 Johns. Ch. 124; Jenkins v. Eldredge, 3 Story, 299; Traphagen v. Voorhees, 4 N. J. Eq. 41; Aycinena v. Peries, 6 W. & S. 243; Biddle v. Moore, 3 Pa. 161; Pollard v. Shaffer, 1 Dalls, 210; Church v. Ruland, 64 Pa. 432; Given's App., 121 Pa. 260; Moore v. Small, 19 Pa. 461; Tood v. Campbell, 32 Pa. 250; Dunham v. Downer, 31 Vt. 249; Haughy v. Strang, 27 Am. Dec. 648; Morrison v. Hart, 4 Am. Dec. 663; Sawyer v. Eastern Steamboat Co., 74 Am. Dec. 643; Dwight v. St. John, 25 N. Y. 203; Freeman on Judgments, par. 321; Grier v. James, 54 Ga. 154; Dollpus v. Frosch, 40 Am. Dec. 368; Glover v. Glover, 1 Lac. Jour. 362; Buckles v. Chicago etc. Ry. Co., 53 Fed. Rep. 566.

Aside from the fact that the court had no power to grant the rehearing, the proceedings were so irregular that the petition should be dismissed: Garver v. Ward, 9 W. N. C. 192: Greenwood v. Iddings, 1 Phila. 28; Paul v. Casselberry, 3 W. N. C. 273.

*C. H. Akens, M. McConnell* and *Thomas Tanner*, for appellee, were not heard, but in their printed brief said: The inherent right and duty of every court of record to control, revise, modify or overturn its judgments and final decrees, gave full power to the court to make the order of September 3; Kalbach v. Fisher, 1 Rawle, 323; Young's App., 99 Pa. 74; Hambleton v. Yocum, 108 Pa. 304; Stephens v. Stephens, 1 Phila. 108; Otterson v. Middleton, 102 Pa. 78.

The court had ample power to grant a rehearing on September 3, 1894: Cochran v. Eldridge, 49 Pa. 365; Monroe v. Monroe, 93 Pa. 520; Jackson v. Summerville, 13 Pa. 359; Mitchell v. Kintzer, 5 Pa. 216; Evans v. Maury, 112 Pa. 300.

The discharge of the rule on July 7 did not in any degree impair the right or power of the court to make the order of September 3: Hartman's App., 36 Pa. 70; Monroe v. Monroe, 93 Pa. 520; First Nat. Bank's App., 106 Pa. 68; Quinn's App., 86 Pa. 447; Lamb's App., 89 Pa. 407; McClelland v. Pomeroy, 75 Pa. 410.

It was the right and duty of the court, having the evidence taken at the former hearing before it, to grant a rehearing in this form of proceeding upon the petition presented September 3: Gallum v. Reynolds, 8 Watts, 424; Lacock v. White, 19 Pa. 495; Kelber v. Plow Co., 146 Pa. 485; Jenkintown Nat. Bank's

App., 124 Pa. 337; Wise's App., 99 Pa. 195; Knarr v. Elgren, 19 W. N. C. 531; Given's App., 121 Pa. 260; Frauenthal's App., 100 Pa. 290; Hartman's App., 36 Pa. 70; Milligan's App., 82 Pa. 389; Green's App., 59 Pa. 235; Bishop's App., 26 Pa. 470; George's App., 12 Pa. 260; Willard's App., 65 Pa. 265; Whelen's App., 70 Pa. 410; Clark v. Douglass, 62 Pa. 408; McElrath v. Pittsburg, etc., R. R., 68 Pa. 37; Second Nat. Bank of Titusville's App., 96 Pa. 460.

The inherent power and duty of a court of record to control, revise, modify, or overturn .its judgments and final decrees, upon proper cause shown, continues until the fund has passed from its grasp or control: Johnson's App., 114 Pa. 132; Evans v. Maury, 112 Pa. 300.

PER CURIAM, November 4, 1895:

On July 7, 1894, the rule theretofore granted on the plaintiffs to show cause why the judgment, as to the defendant Rosenblum, should not be opened and he let into a defense, etc., was discharged. Nearly two months thereafter Rosenblum presented his petition praying, for reasons set forth therein, that the said decree discharging the rule to show cause be set aside, that he be permitted to take further testimony in support of the original rule, and that, upon a rehearing, the judgment be opened, etc. Thereupon, September 3, 1894, a rule on the plaintiffs was granted to show cause why the prayers of the petitioner should not be granted; and the matter was so proceeded in that on March 4, 1895, the same was made absolute, the judgment opened, as to the defendant Rosenblum, and he was let into a defense. From that decree this appeal was taken by the plaintiffs.

A careful consideration of the assignments of error, in connection with the testimony on which the court appears to have acted, has led us to the conclusion that there was no error in making the decree complained of. On the contrary it was warranted by the evidence. There is nothing in either of the specifications of error that requires special comment. The case appears to have been one calling for equitable relief and no rule of practice stood in the way of the court below to prevent appropriate action.

Decree affirmed and appeal dismissed with costs to be paid by the appellant.