Holland Furnace Company, Appellant, *v.*
Gabriel et al.

Argued April 21, 1931.

Be-
fore TREXLER, P. J., KELLER, LINN, GAWTHROP, CUN-
NINGHAM, BALDRIGE and DREW, JJ.

*Myron E. Rowley,* and with him *Craig & Rowley,*
for appellant.

*Clyde Holt,* and with him *Richard S. Holt* and *Harry
B. Richardson,* for appellees.

OPINION BY LINN, J., July 8, 1931:

This appeal is from an order opening a judgment,
entered as by confession, and remitting the parties to
a jury trial on issues specified. As the proceeding is
governed by equitable principles, the practice on ap-
peal is to affirm, unless abuse of discretion in making
the order clearly appears, and this is true even though
the court below, on a prior application, had refused to
open the judgment: Silberman v. Shuklansky, 172 Pa.
77; Johnson v. Nippert, 286 Pa. 175.

The appellant plaintiff, by writing, agreed to furnish
and install for defendants in what appears to be a
tenement house owned by them, a heater with neces-
sary pipes, registers, etc., to heat the house for $1,354,
payable in specified installments. Defendants author-
ized judgment to be confessed against them for breach
of contract. The contract contained the following pro-
vision: "If furnace does not warm all rooms to which
pipe are run we will remove same at our expense."

The heating system was installed, but defendants claimed that it would not heat the house to a liveable temperature and therefore declined to pay. Plaintiff caused judgment to be entered and execution to go out, whereupon these proceedings followed. After argument on the first rule and depositions, the court discharged the rule on July 9th; on August 20th plaintiff asked to have the order of July 9th set aside, and for a rehearing; it was granted with leave to either side to take additional depositions. Such depositions were taken by both sides, materially and essentially augmenting the evidence considered at the first hearing. The court then opened the judgment, and awarded an issue, which, briefly stated, is (1) whether the heating system will heat the rooms if proper fuel is used and plaintiff's instructions are obeyed; and (2) if plaintiff has not performed its contract, what amount, if any, is due from defendants? No objection is made to the form or substance of the issue; only the order opening judgment is complained of.

The first complaint is that a reargument was granted and additional depositions taken. In the circumstances outlined this was entirely discretionary, and the evidence taken shows that discretion was wisely exercised at this stage of the case; it of course, remains for the jury ultimately to find the facts from the evidence to be produced at the trial.

Appellant's second point is that by using the furnace for several months after knowing that it would not heat the house, defendants waived their right to rescind the contract. This requires some brief reference to the depositions. The contract was dated September 15, 1928; the heater and heating system were promptly installed and put into operation in November, 1928. Defendants produced evidence that it

would not heat the house adequately. Plaintiff made repeated adjustments and efforts to have it produce more heat. There is evidence that in January, 1929, a test was had by the plaintiff and defendants notified plaintiff to remove the heating system. This was not done. Defendants continued to use the heater during the remainder of the winter but declined to pay for it. We think the evidence was sufficient to justify opening the judgment.

The evidence to be offered at the trial may be sufficient to justify the jury in finding that defendants requested plaintiff to take out the heating system on or about January 14, 1929, and, that in the circumstances the request was within a reasonable time: Tinius Olsen etc. v. Wolf Co., 297 Pa. 153; if the heating system failed, as much of the evidence would indicate, there was failure of consideration.

The order appealed from is affirmed.