544 A.2d 501

**Joseph H. ANDERSON, Appellant,**

v.

**Sharlot Lonon ANDERSON and Louise Lonon
Anderson, Appellees.**

Superior Court of Pennsylvania.

Argued Jan. 21, 1988.

Filed June 30, 1988.

Lynn Z. Gold-Bikin, Norristown, for appellant.

Neil Kitrosser, Philadelphia, for appellees.

Before CIRILLO, President Judge, and McEWEN and MONTEMURO, JJ.

PER CURIAM:

This appeal has been taken from an order, entered by the distinguished Judge Marjorie C. Lawrence, which rescinded and revoked a divorce decree which had previously been entered upon appellant's complaint pursuant to 23 P.S. § 201(d)(1)(i).[1] Appellant claims that the hearing court

1. Section 201 of the Divorce Code provides, in relevant part:

lacked the authority to rescind the decree. We disagree and affirm the order of the hearing court.

Appellant initiated this action by the filing of a complaint in divorce on June 18, 1987. The complaint, seeking dissolution of the parties' marriage, and the affidavit executed by appellant in accordance with Section 201(d) of the Divorce Code and Pa.R.C.P. 1920.42(a)(2), were personally served upon appellee Sharlot Lonon Anderson that same day. The complaint was endorsed with a notice to defend and claim rights in accordance with Pa.R.C.P. 1920.71, and the affidavit was prefaced with the notice required by Pa.R.C.P. 1920.72(c). Eleven days later, on June 29, 1987, no answer or counteraffidavit having been filed by appellee, appellant served upon appellee, by certified mail, notice in accordance with Montgomery County local rule 1920.42(c),[2] of his intent to file a Praecipe to Transmit the Record pursuant to Pa.R.C.P. 1920.42 and 1920.73. The praecipe was filed on July 9, 1987, and, on that same date, pursuant to an *ex parte* request by appellant's counsel, a decree divorcing the parties was entered by the hearing court.

Six days later, on July 15, 1987, counsel for appellee entered his appearance and apprised the hearing court that he was representing appellee on a voluntary basis as part of the Philadelphia Volunteers for the Indigent Program. Counsel also filed a motion to open or vacate the July 9

§ 201. Grounds for divorce

\* \* \* \* \* \*

(d)(1) It shall be lawful for the court to grant a divorce where a party has filed a complaint and an affidavit alleging that the parties have lived separate and apart for a period of at least three years, and that the marriage is irretrievably broken, and:

(i) the respondent does not deny the allegations set forth in the affidavit....

23 P.S. § 201(d)(1)(i).

2. The local rule provides:

At least ten (10) days prior to filing the praecipe to transmit the record, the moving party shall serve all counsel of record as well as any unrepresented party with a copy of said praecipe and written notice of the intention to file the praecipe. The notice shall state that the praecipe shall be filed ten (10) days thereafter unless objections are filed. The praecipe shall not be filed until the objections are disposed of by the court.

divorce decree, citing 23 P.S. § 602,[3] and alleging that, due to appellee's indigent status and the recent appointment of volunteer counsel, appellee had not had sufficient time to respond to the divorce proceedings or to raise economic claims. On that same date, the hearing court entered the following order:

> AND NOW, this 15th day of July, 1987, upon motion and representation of defense counsel that outstanding economic issues exist and that [appellee], an indigent, had insufficient time to respond and to retain counsel between the filing of the Complaint in Divorce and the entry of the Divorce Decree, and pursuant to 42 Pa.C.S. § 5505, IT IS ORDERED and DECREED that the DECREE IN DIVORCE entered July 9, 1987 is hereby RESCINDED and REVOKED and declared null and void.

This timely appeal followed.

■ Appellant raises two issues for our consideration. First, he alleges that the hearing court erred as a matter of law in holding that 42 Pa.C.S. § 5505 gave it the authority to rescind a valid divorce decree where grounds to open or vacate the decree in accordance with 23 P.S. § 602 had not been made out.[4] In making this claim, appellant relies upon

3. 23 P.S. § 602 provides:
   § 602. Opening or vacating divorce decrees
   A motion to open a decree of divorce or annulment may be made only within 30 days after entry of the decree and not thereafter. Such motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or because of a fatal defect apparent upon the face of the record, must be made within 5 years after entry of the final decree. Intrinsic fraud is such as relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case.

4. 42 Pa.C.S. § 5505 provides:
   § 5505. Modification of orders
   Except as otherwise provided or prescribed by law, a Court upon notice to the parties may modify or rescind any order within 30

the first clause of Section 5505 of the Judicial Code, which provides that the section is to be applicable "except as otherwise provided or prescribed by law," arguing that Section 602 of the Divorce Code is a contrary provision limiting the court's power to modify or rescind a divorce decree. He also directs our attention to 1 Pa.C.S. § 1933, which sets forth the rule of statutory construction that, where a provision in a general statute conflicts with a special provision in the same or another statute, the two are to be construed, if possible, so as to give effect to both, but that if they cannot be reconciled, the special provision is to prevail.[5]

In assessing this argument, the hearing court held that Section 5505 of the Judicial Code and Section 602 of the Divorce Code did not conflict, reasoning that Section 5505 of the Judicial Code dealt with the inherent powers of the court to reassess, modify and rescind its own orders, while Section 602 of the Divorce Code was intended to define the circumstances under which the parties were entitled to be granted relief from an otherwise final divorce decree. In so reading the two statutes, the hearing court properly applied the mandate of 1 Pa.C.S. § 1933 which provides that apparently conflicting provisions should be construed so as to give effect to *both* whenever possible and that one statute is to be given effect in derogation of another *only* where they are entirely irreconcilable. Moreover, an examination

days after its entry, notwithstanding the prior termination of any term of Court, if no appeal from such order has been taken or allowed.

5. Section 1933 of the Statutory Construction Act provides:
   § 1933. Particular controls general
   Whenever a general provision in a statute shall be in conflict with a special provision in the same or another statute, the two shall be construed, if possible, so that effect may be given to both. If the conflict between the two provisions is irreconcilable, the special provisions shall prevail and shall be construed as an exception to the general provision, unless the general provision shall be enacted later and it shall be the manifest intention of the General Assembly that such general provision shall prevail.
   1 Pa.C.S. § 1933.

of the two statutes and case law addressing them supports the interpretation of the hearing court.

In *Simpson v. Allstate Insurance Company*, 350 Pa.Super. 239, 504 A.2d 335 (1986), this Court, sitting *en banc*, discussed the circumstances under which judgments entered in contested proceedings [6] may be opened:

" 'Unlike a judgment entered by confession or by default, which remains within the control of the court indefinitely and may be opened or vacated at any time upon proper cause shown, a judgment entered in an adverse proceeding ordinarily cannot be disturbed after [it has become final].' *Klugman v. Gimbel Brothers, Inc.*, 198 Pa.Super. 268, 272, 182 A.2d 223, 225 (1962). A judgment entered in adverse proceedings becomes final if no appeal therefrom is filed within thirty days. *See*: 42 Pa.C.S. § 5505. Thereafter, the judgment cannot normally be modified, rescinded or vacated. *Hunter v. Employers Insurance of Wausau*, [347 Pa.Super. 227, 229, 500 A.2d 490, 491 (1985) ]. Similarly, it cannot be 'opened.' *Livolsi v. Crosby*, 344 Pa.Super. 34, 36, 495 A.2d 1384, 1385 (1985); *Miller Oral Surgery, Inc. v. Dinello*, [342 Pa.Super. 577, 580, 493 A.2d 741, 743 (1985) ]; *Kappel v. Meth*, 125 Pa.Super. 443, 448–450, 189 A. 795, 797–798 (1937). 'This doctrine, respecting judgments entered [in adverse proceedings], has a very definite function, namely, to establish a point at which litigants, counsel and courts

6. Although no answer or counteraffidavit was filed by wife in this case, the divorce decree must be viewed as having been entered in a contested proceeding, as the Rules of Civil Procedure effectuating the Divorce Code specifically prohibit the entry of judgment by default or on the pleadings. Pa.R.C.P. 1920.42. This rule is in accordance with the well-established principle that, before granting a decree in divorce, the hearing court has the obligation to conduct a full review of the record and to make an independent determination that grounds for divorce are established. *See, e.g., Aloi v. Aloi*, 290 Pa.Super. 125, 129, 434 A.2d 161, 163 (1981); *Arcure v. Arcure*, 219 Pa.Super. 415, 416, 281 A.2d 694, 695 (1971). This principle is embodied in the language of 23 P.S. § 201(d) itself, which does not mandate entry of a decree in divorce where its requirements are met, but rather provides that entry of a divorce "shall be lawful" under those circumstances, leaving the determination of whether or not the divorce should be granted within the discretion of the court.

ordinarily may regard contested lawsuits as being at an end. *Klugman v. Gimbel Brothers, Inc.,* [*supra* 198 Pa.Super. at 272], 182 A.2d at 225. *See also: Kappel v. Meth,* [*supra,* 125 Pa.Super. at 450], 189 A. at 798.'" *Simpson v. Allstate Insurance Company, supra* at 243–244, 504 A.2d at 337 (footnote omitted). Read in light of these general principles as to the finality of judgments in contested proceedings, it is clear that Section 602 of the Divorce Code is intended to define and to delimit the unusual circumstances which must be established by a party in order to bring his case within an exception to the general rule that such judgments cannot be modified, rescinded, vacated or opened.

As *Simpson* recognizes, the inherent power of the court to vacate, modify, or rescind its own orders in the absence of an appeal exists separate from, and in addition to, its authority to open, vacate or strike a judgment if an appropriate basis for such an action is established by the parties. The court's exercise of its power under Section 5505 of the Judicial Code is almost entirely discretionary; this power may be exercised *sua sponte,* or may be invoked by a request for reconsideration filed by the parties, and the court's decision to decline to exercise such power will not be reviewed on appeal. *See: Provident National Bank v. Rooklin,* 250 Pa.Super. 194, 202, 378 A.2d 893, 897 (1977). However, this power may be exercised only within the thirty-day period set out in Section 5505, and any request by the parties that the court exercise such power must be both made and ruled upon within that period:

A party may always request a court to reconsider a judgment entered in adverse proceedings. However, such a request must be made within thirty days. "Absent a stay, the [trial] court must grant the petition for reconsideration within the thirty day appeal period to toll the appeal period.... If the [trial] court does not expressly grant reconsideration or enter an appropriate stay within the thirty day appeal period, its 'power ... to act on the application for reconsideration ... is lost.'"

*Simpson v. Allstate Insurance Co., supra* 350 Pa.Super. at 244, 504 A.2d at 337 *quoting Leonard v. Andersen Corp.,* 300 Pa.Super. 22, 25–26, 445 A.2d 1279, 1281 (1982) (citations omitted).

By contrast, a reading of Section 602 of the Divorce Code makes it clear that the authority of the hearing court to open, vacate or strike a judgment or decree pursuant to Section 602 may be exercised beyond the 30–day period provided by 42 Pa.C.S. § 5505, so long as a petition to open is *filed* within five years of the decree. Moreover, Section 602 sets out clear evidentiary requirements which must be met by the parties before the court may exercise its authority to open, vacate or strike a divorce decree, and the hearing court's exercise of or refusal to exercise its authority under that section is reviewable on appeal. *See: Major v. Major,* 359 Pa.Super. 344, 354, 518 A.2d 1267, 1272 (1986) (opening of divorce decree was not proper remedy where requirements of 23 P.S. § 602 had not been satisfied); *Fenstermaker v. Fenstermaker,* 348 Pa.Super. 237, 238, 502 A.2d 185, 186 (1985) (where wife's petition to amend divorce decree alleged conduct by husband amounting to extrinsic fraud and petition was not filed within 30 days of divorce decree, trial court should not have opened decree, but should have treated petition as one to vacate or strike decree and granted such relief). These characteristics of the court's authority under Section 602 of the Divorce Code make clear that, in drafting Section 602, the legislature was addressing the same powers of the court to grant relief from final judgments in contested proceedings as were addressed by this Court in *Simpson.* The intent of Section 602 was thus to codify the extraordinary circumstances which will outweigh the interests of the parties and the court in finality, and to delimit the time periods which within such circumstances must be established. It was not to diminish the power of the court to alter its orders and decrees before they become final.

Since, in light of the above discussion, it is clear that 42 Pa.C.S. § 5505 and 23 P.S. § 602 address distinct powers of

the hearing court, we must conclude that the hearing court correctly held that Section 602 of the Divorce Code is not a limitation upon the inherent powers of the court, codified in Section 5505 of the Judicial Code, to rescind or modify its own orders. Moreover, as the two statutes do not, when carefully read, address the same subject matter, they cannot be said to conflict so as to call into play the provisions of 1 Pa.C.S. § 1933. This conclusion is supported not only by the authorities already discussed, but also by 1 Pa.C.S. § 1928(b)(7), which provides that, to the extent that a statute would decrease the jurisdiction of a court of record, it must be strictly construed. Further support for this interpretation can be found in the Divorce Code itself, which states that its provisions are to be construed in light of the legislature's expressed purposes, one of which is to "[e]ffectuate economic justice between parties who are [in the process of divorce]", 23 P.S. § 102(a)(6), and that "in all matrimonial [cases], the court shall have full equity power and jurisdiction", 23 P.S. § 401(c). To read Section 602 of the Divorce Code as stripping from the court, in divorce actions, inherent powers available to it in other causes of action would be inconsistent with these provisions and would be contrary to the intent of the Divorce Code. We thus find no error of law in the decision of the hearing court to rescind the divorce decree in this case.[7]

7. Appellant also includes in his brief a short argument to the effect that, even if the court had the power to act as it did, it abused its discretion in doing so. This argument has not been preserved for our consideration, however, as appellant has failed to designate it as an issue in the Statement of Questions Involved in his brief and the issue cannot fairly be said to be suggested by the Statement of Questions, which frames appellant's first issue as an allegation that the court committed an error of law. Pa.R.A.P. 2116(a). We note, moreover, that even if the issue had been preserved, we would have difficulty in concluding on this record that an abuse of discretion was committed. Although appellant complied with the strict letter of the notice requirements of the statewide and local rules of procedure governing divorce actions, it seems clear that the 21 days between the filing of the complaint and the entry of the divorce decree in this matter were an insufficient period for an allegedly indigent defendant to find and retain counsel and institute a defense to the action. Although we cannot condone a party's complete inactivity when served with process and advised of the pendency of an action against her, it does not

■ Appellant also contends that the hearing court erred in "opening the divorce decree in an *ex parte* proceeding solely upon appellee's unverified motion which failed to allege intrinsic or extrinsic fraud, as statutorily required." Had the hearing court *granted* the petition to open or vacate pursuant to 23 P.S. § 602, this argument might be persuasive. Here, however, the hearing court explicitly stated that it was not acting based upon a determination that appellee's petition made out a basis for opening or vacating the decree under Section 602, but rather that its order was entered *sua sponte* in light of information of appellee's indigence and the recent appointment of counsel. In so acting, the hearing court did not accept as true the allegations of an unverified petition, but rather exercised its inherent power to reconsider its order for any reason based upon the suggestion that equity might not have been served by the entry of a final decree in divorce, which would terminate appellee's right to seek economic relief under the Divorce Code, a mere 21 days after the divorce complaint was filed and served upon her. Appellant has cited no authority limiting the bases upon which a hearing court may, *sua sponte*, reconsider its own orders, requiring that requests for reconsideration be verified, or requiring that a hearing be held prior to the court's exercise of its power to reconsider. Accordingly, although we agree with appellant that it would have been preferable for appellee to have made her allegations in a verified petition, we cannot conclude that the hearing court committed reversible error in rescinding the divorce decree in light of the particular facts of this case.

Order affirmed.

appear that appellee in this case was completely inactive. Rather, it appears that she did take some action to procure counsel, but that this process did not proceed quickly enough to allow her to enter a defense on the record prior to entry of the divorce decree. We agree with the hearing court that such action, brought to the court's attention a mere twenty-seven days after filing of the complaint and six days after entry of the decree, was a sufficient basis for the hearing court's exercise of its inherent equitable powers.