J-A15028-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| MADELINE S. CRUZ | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JERMEY CRUZ | : | |
| | : | |
| Appellant | : | No. 198 WDA 2022 |

Appeal from the Order Entered January 12, 2022,
in the Court of Common Pleas of Potter County,
Civil Division at No(s): Docket No. 1874 of 2013.

BEFORE: BOWES, J., KUNSELMAN, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.: **FILED: September 2, 2022**

Jeremy Cruz appeals from the order denying his petition to void his divorce decree. Upon review, we affirm.

Cruz and Madeline S. Cruz (now Morales) were married on October 10, 2011, in Erie Pennsylvania. On April 5, 2013, Morales filed for divorce. On April 17, 2013, Cruz accepted service of the divorce complaint, which designated the venue for the action as the Court of Common Pleas of Potter County. Subsequently, on July 19, 2013, the parties executed an affidavit of consent and waiver of notice of Morales' intention to request entry of a divorce decree, which was notarized. The parties were divorced on August 8, 2013.

More than eight years later, on October 8, 2021, Cruz filed a petition to void the divorce decree. He claimed that Morales coerced him into signing the divorce documents. According to Cruz, he did not read the documents before

he signed them and some of the information was false. Cruz further claimed that he did not want to be divorced and did not realize he could have exercised certain rights before the divorce was granted.

Following a hearing, the trial court denied Cruz's petition. Cruz filed this timely appeal. Cruz and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Cruz raises the following issues on appeal:

-The trial court erred in denying Cruz's petition because the divorce court improperly granted Morales' request for a divorce decree without confirming her physical address and failed to comply with the Pennsylvania Rules of Civil Procedure.

-The trial court erred in denying Cruz's petition when it stated that Cruz requested the court to open or vacate the decree based on Cruz's confusion of the process and that the fact that some of the allegations in the affidavit and waiver were not accurate.

-The trial court erred in denying Cruz's petition by accepting the testimony of Morales that Cruz voluntarily participated with the divorce process with full knowledge of the ramifications.

-The trial court erred in denying Cruz's petition because it violated Cruz's constitutional right to have a fair trial of which Cruz was deprived.

*See* Cruz' Brief at 1.

Cruz challenges the trial court's denial of his request to vacate the divorce decree on several grounds. In reviewing this matter, we are mindful of our standard of review. "A trial court's exercise or refusal to exercise its authority to open, vacate, or strike a divorce decree is reviewable on appeal for an abuse of discretion." *Bardine v. Bardine*, 194 A.3d 150, 152 (Pa.

- 2 -

Super. 2018) (citation omitted). "An abuse of discretion is not merely an error of judgment but is found where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record." *Fischer v. UPMC Northwest*, 34 A.3d 115, 120 (Pa. Super. 2011).

A petition to open or vacate a divorce decree is governed by 23 Pa.C.S.A. § 3332, which provides:

> A motion to open a decree of divorce or annulment may be made only within the period limited by 42 Pa.C.S.A. § 5505 (relating to modification of orders) and not thereafter. The motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within *five years* after entry of the final decree. Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case.

23 Pa.C.S.A. § 3332 (emphasis added). This section sets forth clear and definitive time constraints and evidentiary requirements regarding a court's authority to open or vacate a divorce decree. The purpose of section 3332 is "to codify the extraordinary circumstances which will outweigh the interests of the parties and the court in finality, and to delimit the time periods which within such circumstances must be established." *Bardine*, 194 A.3d at 153 (citing *Anderson v. Anderson*, 544 A.2d 501, 505 (Pa. Super. 1988)).

Here, the trial court denied Cruz's petition. Although the trial court considered the merits of Cruz's claims and found them to be meritless, the trial court ultimately concluded that Cruz's claims were untimely. This basis, alone, was sufficient to deny Cruz's petition. Trial Court Opinion, 1/12/22, at 3-5. We agree.

Upon review, we observe that Cruz sought to void the divorce decree. We therefore construe this as a request to vacate the decree. "For a motion to vacate, the [motion] must be filed within five years of the divorce decree where the attack is based on extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record." *Bardine*, 194 A.3d at 153 (citing *Fenstermaker v. Fenstermaker*, 502 A.2d 185, 188 (Pa. Super. 1985)).

Indisputably, Cruz filed his petition more than eight years after the divorce decree was entered, well beyond the five-year time limit of section 3332. Cruz's petition was clearly untimely. As such, the trial court did not abuse its discretion in denying Cruz's petition, and we need not reach the merits of Cruz's claims.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/2/2022