472 A.2d 226

**Cathy J. BASTION (Now Cathy J. West), Appellant,**

v.

**Allen BASTION.**

Superior Court of Pennsylvania.

Argued Jan. 17, 1984.

Filed Feb. 24, 1984.

John Kocsis, III, Athens, for appellant.

Emy Lore Franz, Sayre, for appellee.

Before ROWLEY, HESTER and ROBERTS, JJ.

HESTER, Judge:

On July 20, 1977, appellant Cathy J. Bastion, now Cathy West, filed a Complaint in Divorce under the old Divorce Law [1], alleging indignities as grounds for the divorce. The new Divorce Code [2] took effect on July 1, 1980. A final decree in divorce was granted on September 29, 1980, and in December, 1982, appellant filed a Complaint in Partition. On August 1, 1983, nearly three years after the final divorce was granted, appellant filed an application to proceed under the Divorce Code with respect to equitable distribution. The application was denied by the lower court on September 7, 1983, and appeal was then taken to our Court. Appellant's sole argument is that since the divorce was granted after the effective date of the Divorce Code, the lower court erred in denying her application.

Section 103 [3] of the Divorce Code provides that the Code does not apply to cases in which divorce or annulment decrees have been granted prior to the effective date of the Code. Since in the case before us the divorce decree was granted nearly three months after the Code took effect, § 103 itself would not seem to preclude appellant's petition. Furthermore, since § 103 provides that the provisions of the

---

1. Act of May 2, 1929, P.L. 1237, as amended, 23 P.S. § 1 *et seq.* (repealed).

2. Act of April 2, 1980, P.L. 63, Act No. 26, 23 P.S. § 101 *et seq.*

3. That section states: "The provisions of this act, so far as they are the same as those of existing laws, are intended as a continuation of such laws and not as new enactments. The provisions of this act shall apply to all cases, whether the cause for divorce or annulment arose prior or subsequent to enactment of this act. The provisions of this act shall not affect any suit or action pending, but the same may be proceeded with and concluded either under the laws in existence when such suit or action was instituted, notwithstanding the repeal of such laws by this act, or, upon application granted, under the provisions of this act. *The provisions of this act shall not apply to any case in which a decree has been rendered prior to the effective date of the act.* This act shall not affect any marital agreement executed prior to the effective date of this act or any amendment or modification thereto." (Emphasis added).

Code do not affect any pending action, but provides that such action may be pursued either under prior law or under the Code "upon application granted," it would seem that appellant's application to proceed to equitable distribution under the Code was not necessarily improper. Nevertheless, relying upon dictum of our Court in *Gordon v. Gordon*, 293 Pa.Super. 491, 439 A.2d 683, 695 (1981), *aff'd.*, 498 Pa. 570, 449 A.2d 1378 (1982)[4], the lower court found that it was precluded from granting the application. We agree with the lower court's ruling, although for different reasons.

Section 401(j) of the Code provides: "Whenever a decree or judgment is granted which nullifies or absolutely terminates the bonds of matrimony, any and all property rights which are dependent upon such marital relation, save those which are vested rights, are terminated *unless the court otherwise expressly provides in its decree* in accordance with subsection (b)." (Emphasis added). When the divorce decree was granted with no specific reservation of property rights, under this section appellant lost any right to equitable distribution under the Code. If the lower court had granted appellant's application to proceed under the Code, appellant would still have been precluded by § 401(j) from proceeding to equitable distribution. We therefore find that the lower court properly denied appellant's application.

Order affirmed.

---

4. "Plainly, therefore, the legislature intended that an application could be filed *at any time* after the effective date of the Divorce Code, *so long as* a decree had not been filed." (Emphasis in original). In *Gordon,* the application to proceed under the Divorce Code had been filed prior to the grant of the final divorce, unlike in the case before us.