612 A.2d 1354

**Ronald Elwood JUSTICE**

v.

**Bonita Jean JUSTICE, Appellant.**

Superior Court of Pennsylvania.

Argued May 19, 1992.

Filed July 24, 1992.

Reargument Denied Sept. 28, 1992.

Gretchen S. Reed, Beaver, for appellant.

Barris Siegel, Rochester, for appellee.

Before MONTEMURO, HESTER and BROSKY JJ.

OPINION PER CURIAM:

This appeal concerns the trial court's authority to vacate a final divorce decree. The sole issue raised on appeal is whether the trial court had the authority to vacate a divorce decree so as to permit appellant to assert economic claims arising from her marriage although no petition to reconsider or modify the decree was timely filed or considered.

The facts of this case are as follows: On July 28, 1986, Ronald Justice, appellee, filed a complaint in divorce, and on the same date appellant, Bonita Justice, through her previous counsel accepted service. The complaint asserted no economic claims. On March 10, 1987, with leave of the court, appellant's counsel withdrew his appearance. On January 17, 1990, with leave of court, appellee amended his complaint, and filed an affidavit under § 201(d)(1) of the Divorce Code. Appellant was served with this amended complaint on January 26, 1990, and on the same day, appellant's present counsel entered her appearance on behalf of appellant.

On March 20, 1990, appellee's counsel notified appellant's counsel of his intention to request a divorce pursuant to 23 P.S. § 201(d)(1)(i) [1]. On May 7, 1990, after appellant failed to file any responsive pleadings in this action, appellee secured entry of the decree pursuant to § 201(d)(1)(i). Since appellee's complaint did not assert any economic claims and appellant failed to respond to the complaint, the entry of the

1. **§ 201. Grounds for divorce**
 (d)(1) It shall be lawful for the court to grant a divorce where a party has filed a complaint and an affidavit alleging that the parties have lived separate and apart for a period of at least three years, and that the marriage is irretrievably broken, and:
 (i) the respondent does not deny the allegations set forth in the affidavit.
 This section is now 23 Pa.C.S.A. § 3301(d)(1)(i).

decree effectively foreclosed appellant's ability to make a claim for economic relief arising from the marriage. *See infra* 23 P.S. § 401(j)[2]. On May 16, 1990, appellant filed a petition for rule to show cause why the divorce decree should not be vacated. The trial court heard this motion on July 20, 1990. On September 25, 1990, the trial court issued an order vacating the divorce decree, and on October 24, 1990, the trial court granted appellee permission to take an interlocutory appeal.

On March 5, 1991, this Court denied appellee's petition for relief. Stating in a per curiam order:

> The trial court found that it had the power to vacate the decree beyond the thirty days provided by 42 Pa. C.S.A. § 5505 because within the thirty-day period the court granted a rule to show cause why the decree should not be vacated, thus tolling the thirty-day period under *Commonwealth v. Kern*, 294 Pa.Super. 151, 439 A.2d 795 (1982). Unless a party appeals or the court expressly grants reconsideration within thirty days of the entry of judgment, the judgment becomes final and not subject to modification for less than extraordinary cause; the granting of rule to show cause is not a grant of reconsideration and, therefore, did not operate to prevent the thirty-day appeal period from expiring. *Luckenbaugh v. Shearer*, 362 Pa.Super. 9, 13, 523 A.2d 399, 401 (1987) (en banc), *appeal denied*, 518 Pa. 626, 541 A.2d 1138 (1988); *accord Valentine v. Wroten* [397 Pa.Super. 526], 580 A.2d 757 (Pa.Super.Ct.1990), *petition for allowance of appeal filed*, No. 973 E.D. Allocatur Docket 1990 (Pa. Oct. 31, 1990) [*appeal denied*, 527 Pa. 650, 593 A.2d 422 (1991)]; *Commonwealth v. Butler*, 389 Pa.Super. 209, 566 A.2d 1209 (1989) (stating *Luckenbaugh* has overruled *Kern*, so that granting a rule to show cause is insufficient to toll the thirty-day jurisdictional period).

*Justice v. Justice*, No. 441 Misc. Docket (Pa.Super. March 5,

2. This section is now 23 Pa.C.S.A. § 3503.

1991).[3] In light of our per curiam order, appellee moved for the trial court to rescind its prior orders vacating the decree, and reinstate the Decree of Divorce. On July 3, 1991, the trial court granted appellee's motion, and it is from this order of reinstatement that appellant now appeals.

Appellant concedes that a petition to open or vacate the divorce decree was not timely filed and considered within the 30 day period provided in 42 Pa.C.S.A. § 5505.[4] Furthermore, appellant's counsel concedes that the reason the economic claims were not presented in a timely manner was due to counsel's inadvertence. Appellant nonetheless asserts that economic justice requires us to remand the case so that she can present her economic claims. After a review of the case law interpreting the Divorce Code, we are constrained to disagree with appellant and affirm the order of the trial court.

Once the divorce decree became final, appellant lost her right to raise any economic claims arising from the marriage. As the Divorce Code makes clear:

> Whenever a decree or judgment is granted which nullifies or absolutely terminates the bonds of matrimony, any and all property rights which are dependent upon such marital relation, save those rights which are vested rights, are terminated unless the court otherwise expressly provides in its decree in accordance with subsection (b) or (b.1). All duties, rights, and claims accruing to either of said parties at any time heretofore in pursuance of the said marriage, shall cease and the parties shall, severally, be at liberty to marry again in like manner as if they had never married, except where otherwise provided by law.

3. This Court, on March 27, 1991, again issued an order denying appellee's appeal.

4. Section 5505 provides:
 Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

23 P.S. 401(j) [5]; *See Bastion v. Bastion,* 324 Pa.Super. 569, 472 A.2d 226 (1984).

■ Thus, a divorce decree must be either vacated or opened in order for the trial court to consider appellant's economic claims. The trial court has the inherent power to modify, rescind, or reconsider an order within 30 days of its entry for any reason based on the suggestion that equity has not been served. 42 Pa.C.S.A. § 5505. "The court's exercise of its power under § 5505 of the Judicial Code is almost entirely discretionary; this power may be exercised *sua sponte,* or may be invoked by a request for reconsideration filed by the parties, and the court's decision to decline to exercise such power will not be reviewed on appeal." *See Anderson v. Anderson,* 375 Pa.Super. 341, 544 A.2d 501 (1988) (court rescinded divorce decree six days after its entry where spouse failed to file any responsive pleadings due to her indigence and her counsel's recent appointment).

■ The trial court's broad discretion is lost, however, if the court fails to act within 30 days. After this 30 day period, an order can only be opened or vacated if there is fraud or some other circumstance "so grave or compelling as to constitute 'extraordinary cause' justifying intervention by the court." *Simpson v. Allstate Ins. Co.,* 350 Pa.Super. 239, 504 A.2d 335, 337 (1986) quoting *Klugman v. Gimbel Brothers, Inc.* 198 Pa.Super. 268, 272, 182 A.2d 223, 225 (1962). "An oversight by counsel in failing to appeal does not constitute "extraordinary cause" which permits a trial court to grant relief from a final judgment entered in a contested action." *Simpson supra,* 350 Pa.Super. at 245, 504 A.2d at 338.

In the present case, it is undisputed that the trial court did not reconsider the entry of the divorce decree within 30 days of its entry. Furthermore, appellant does not claim any extraordinary cause. Therefore, as we stated in our

5. This section is now 23 Pa.C.S.A. § 3503.

March 5, 1991 order, the trial court lacked authority to open or vacate its divorce decree under 42 Pa.C.S.A. § 5505.[6]

In addition to the trial court's inherent authority to rescind, modify, or reconsider its orders, the legislature has also provided trial courts with additional equity powers in divorce proceedings:

> (c) In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this act, and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom the court has jurisdiction and who is involved in or connected with the disposition of the cause.

23 P.S. § 401(c). One of the purposes of the Divorce Code is to "effectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to actual need and ability to pay of the parties and insure a fair and just determination and settlement of their property rights." 23 P.S. § 102(a)(6).

The equitable powers of the court are not without limits. The circumstances under which a court may exercise its discretionary power to open or vacate a decree are delineated in § 602.[7] Section 602 provides:

> § 602. Opening or vacating divorce decrees
>
> A motion to open a decree of divorce or annulment may be made only within 30 days after entry of the decree and not thereafter. Such motion may lie where it is alleged

6. Appellant also argues in her brief that in accordance with Pa.R.C.P. 126, we should liberally construe § 5505 in order to effectuate economic justice. This argument is without merit. A rule of procedure can not be used to extend a limitation period set forth in the Judicial Code in the name of liberal construction. As we instructed the parties in this case on March 5, 1991, absent *extraordinary cause*, neither this court nor the trial court have discretion to ignore the limitations set forth in the Judicial Code. *See, Anderson v. Anderson,* 375 Pa.Super. 341, 544 A.2d 501 (1988); *Smith v. J.C. Giuffre Medical Center,* 366 Pa.Super. 321, 531 A.2d 438 (1987).

7. This section is now 23 Pa.C.S.A. § 3332.

that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or because of a fatal defect apparent upon the face of the record, must be made within 5 years after entry of the final decree. Intrinsic fraud is such as relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequences of precluding a fair hearing or presentation of one side of the case.

Thus, "section 602 sets out clear evidentiary requirements which must be met by the parties before the court may exercise its authority to open, vacate, or strike a divorce decree, and the court's exercise or refusal to exercise its authority under that section is reviewable on appeal." *Anderson supra*, 375 Pa.Superior Ct. at 348, 544 A.2d at 505 "The intent of § 602 was thus to codify the extraordinary circumstances which will outweigh the interests of the parties and the court in finality, and delimit the time periods which within such circumstances must be established." *Id.*

█ In accordance with § 602, the only basis for vacating a decree within 30 days is intrinsic fraud. Beyond the 30 day limitation period a party must show extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent from the record. In *McEvoy v. Quaker City Cab*, 267 Pa. 527, 110 A. 366 (1920), our Supreme Court first distinguished intrinsic fraud from extrinsic fraud.

By the expression 'extrinsic or collateral fraud' is meant some act or conduct of the prevailing party which has prevented a fair submission of the controversy. Among these are the keeping of the defeated party away from court by false promise or compromise, or fraudulently keeping him in ignorance of the action. Another instance is where an attorney without authority pretends to represent a party and corruptly connives at his defeat, or

where an attorney has been regularly employed and corruptly sells out his client's interest. The fraud in such case is extrinsic or collateral to the question determined by the court. The reason for the rule is that there must be an end to litigation; and, where a party has had his day in court and knows what the issues are, he must be prepared to meet and expose perjury then and there: *Pico v. Cohn,* 91 Cal. 129 [25 P. 970 (1891)]. Where the alleged perjury relates to a question upon which there was a conflict, and it was necessary for the court to determine the truth or falsity of the testimony, the fraud is intrinsic and is concluded by the judgment, unless there be a showing that the jurisdiction of the court has been imposed up, or that by some fraudulent act of the prevailing party the other has been deprived of an opportunity for a fair trial. *Bleakley v. Barclay,* 75 Kansas 462 [89 P. 906 (1907)].

*Fenstermaker v. Fenstermaker,* 348 Pa.Super. 237, 243, 502 A.2d 185, 188 (1985) quoting *McEvoy v. Quaker City Cab Co.,* 267 Pa. 527, 536, 110 A. 366, 368 (1920).

 Thus, the Divorce Code makes clear that beyond 30 days, a decree cannot be vacated absent fraud which is collateral to the proceedings. Naturally, when assessing whether the movant has proven the existence of extrinsic fraud, this Court focuses on the actions taken by the prevailing party.

For example, in *Fenstermaker,* counsel for the parties attempted to resolve the marital property issues prior to the entry of the divorce decree. While the parties were in the process of negotiating a property settlement, appellee filed and was granted a divorce pursuant to § 201(d). Relying on appellee's intention to finalize their property settlement, appellant did not appeal the decree. The trial court found that the representations made by counsel amounted to extrinsic fraud. This court affirmed the trial court's finding of extrinsic fraud stating, "[i]n light of the continued representations to appellee evidencing his 'intention' to finalize their property settlement, the court did not err in

finding extrinsic fraud upon which a petition to vacate the decree could be granted. Appellee did not have the opportunity to litigate these economic claims." *Fenstermaker,* 348 Pa.Super. at 248, 502 A.2d at 190.

In *Foley v. Foley,* 392 Pa.Super. 9, 572 A.2d 6 (1990), an unrepresented wife entered into a property settlement agreement which purported to settle all of the economic claims arising from the marriage. In accordance with this agreement, she received $1,500 and her husband received $200,000. Approximately fifteen months after the entry of the final divorce decree, wife filed a motion to vacate the decree alleging that she was intimidated into entering into the property settlement. The trial court granted the wife's motion because, "the actions of appellant did intimidate appellee to the extent that she was fearful of undertaking any effort to secure the economic justice to which she was entitled, and concluded that because she was thereby denied an opportunity for a fair trial, [the wife] had established the existence of extrinsic fraud." *Id.,* 392 Pa.Superior Ct. at 14–15, 572 A.2d at 9

The husband appealed claiming, *inter alia,* that the wife "failed to establish that appellant engaged in extrinsic fraud which is a condition precedent to vacating a divorce decree." *Id.,* 392 Pa.Superior Ct. at 11, 572 A.2d at 7. Specifically, the husband/appellant claimed that the trial court erred in finding that intimidation amounts to extrinsic fraud. After a review of the record, this court found that there was an ample factual basis to support the trial court's finding of intimidation.[8] Furthermore, since this intimi-

8. The type of conduct displayed by the husband is illustrated in Judge Popovich's dissent:

Appellee testified appellant "ordered" her not to see an attorney. She contends appellant would make statements to the effect that "people in his state of mind have murdered their family. They've shot their wives." She stated appellant threatened to "tell a lot of my personal business ... [to] people I didn't want to know, especially my children." Appellee testified that on one occasion, appellant "hit [her] with an open hand." Appellee also alleged that appellant ran her off the road while she was driving her car, an that he wrote a biblical message concerning adultery on her bathroom mirror. In addition, after the date of separation, appellant, on several occasions, stayed at the marital residence over appellee's objection.

dation prevented the wife from asserting her economic claims, the *Foley* court determined that extrinsic fraud encompasses the husband's activity.

■ Judge Popovich, in dissent, acknowledged that duress constitutes extrinsic fraud; however, found that the wife failed to demonstrate that "appellant's actions prevented her from coming forward with her [economic claims]." *Id.*, 392 Pa.Superior Ct. at 19, 572 A.2d at 10. Thus, *Foley* stands for the proposition that the definition of extrinsic fraud extends to the situation where one party coerces another into relinquishing their economic claims arising from the marriage.

In *Ratarsky v. Ratarsky*, 383 Pa.Super 445, 557 A.2d 23 (1989), this court again had occasion to determine if a divorce decree should be vacated because of extrinsic fraud. In *Ratarsky*, appellee contended that appellant committed extrinsic fraud by concealing the value of a marital asset. This court held that even assuming appellant concealed the value, his action did not amount to extrinsic fraud. The court found that the property settlement was entered into after extensive negotiations, and that trial counsel had an opportunity to assess the value of the assets and simply failed to do so. After discussing the necessity that appellee prove extrinsic fraud, the court found that, "[c]ertainly, the appellee's trial counsel's performance cannot be imputed to the appellant and labeled as fraud." *Id.*, 383 Pa.Superior Ct. at 452, 557 A.2d at 26. *See also Holteen v. Holteen*, 413 Pa.Super. 591, 605 A.2d 1275 (1992) (mistake regarding value of marital residence does not provide a basis for opening or vacating a decree after 30 days of its entry).

■ The present facts are readily distinguishable from *Fenstermaker* and *Foley*, or any other authority finding extrinsic fraud, because appellant does not assert any wrongful conduct or actions taken by appellee. Without such conduct, the trial court does not have authority to vacate a final decree. While § 602 distinguishes between extrinsic and intrinsic fraud, it still requires fraud. Al-

*Foley, supra,* 392 Pa.Superior Ct. at 19, 572 A.2d at 11–12 (citations omitted).

though it is true that counsel's inadvertence was extrinsic or collateral to the divorce proceedings, it was not fraud. *See Ratarsky supra.* While the trial courts have equitable powers in divorce proceedings, they do not extend to ignoring the limited circumstances set forth in § 602 in which a final divorce decree can be vacated. Thus, we are constrained to find that appellant has failed to meet her burden of proving extrinsic fraud, or otherwise state a valid basis for which the divorce decree can be vacated.[9]

Order affirmed.

---

**9.** This panel is aware that a panel of this court in *Hilliard v. Hilliard,* —— Pa.Super. ——, 606 A.2d 1235 (1991) has defined extrinsic fraud so as to include negligence by one's own counsel. After a careful review of this Memorandum decision, we have respectfully declined to adopt the result reached by that panel. *K.N. v. Cades,* 288 Pa.Super. 555, 432 A.2d 1010 (1981) (Memorandum opinions of the Superior Court carry no precedential weight).