## McDonough v. McDonough

C.P. of Lawrence County, No. 10050 of 2012, C.A.

*Stephanie T. Anderson*, for plaintiff.
*Paula J. Cialella*, for defendant.

HODGE, *J.*, August 27, 2013—Before the court for disposition is a motion for reconsideration of this court's April 19, 2013 order of court.

The plaintiff, Edward Joseph McDonough (hereinafter, "husband"), and the defendant, Lynn F. McDonough (hereinafter, "wife"), were married on January 13, 1995, and they separated September 3, 2009. Husband initiated the instant action by filing

a complaint in divorce on January 17, 2012. Wife's counsel entered her appearance on January 27, 2012 by filing an acceptance of service form, wherein counsel acknowledged receipt of husband's complaint in divorce on behalf of wife.

Husband filed an affidavit and waiver of notice of intention to request entry of a divorce decree, pursuant to §3301(d) of the Divorce Code on October 3, 2012. An affidavit of service of husband's affidavit and waiver was filed a week later on October 10, 2012. Wife was served with a §3301(d) affidavit on October 5, 2012. Husband then filed an affidavit of plaintiff's notice of intention to request entry of a divorce decree on February 26, 2013. A praecipe to transmit the record was subsequently filed by husband on March 18, 2013, and a final decree in divorce was entered by this court on March 20, 2013.

From this case's conception on January 17, 2012, wife did not file an answer or counter-claim to husband's complaint. Wife did not raise economic claims or seek alternative relief with the court. Wife did file a notice to resume prior surname following the entry of the divorce decree on April 4, 2013. Subsequently, on April 19, 2013, wife filed a petition nunc pro tunc For bifurcation. In her petition, wife alleged that the parties had ongoing discussions regarding a resolution of their economic issues. Wife stated that although she did not object to the entry of a divorce decree, it was not her intention to forego her claims for economic relief.

This court denied wife's petition nunc pro tunc

for bifurcation, and wife timely filed a motion for reconsideration. Argument was held on wife's motion for reconsideration on June 5, 2013, and the petition is presently before the court for a determination.

In order to consider untimely-filed economic claims, the divorce decree must be either opened or vacated. *Justice v. Justice,* 612 A.2d 1354, 1357 (Pa. Super. 1992). Petitions to open the decree must be filed within 30 days. *Id.* (citing 42 Pa.C.S.A. §5505). During this 30-day period, the court holds wide discretion to modify or rescind its decree. *Justice,* 612 A.2d at 1357. "The trial court's broad discretion is lost, however, if the court fails to act within 30 days. After this 30-day period, an order can only be opened or vacated if there is fraud or some other circumstance so grave or compelling as to constitute extraordinary cause justifying intervention by the court." *Id.* (citations omitted).

In her argument to the court, wife contends that her petition for bifurcation was filed within thirty days from the entry of the divorce decree, and the court had broad discretion to act on her petition, without requiring proof of intrinsic fraud or new evidence. Husband alternatively argues that wife's motion for reconsideration is outside the time limitations of 42 Pa. C.S.A. §5505, and the divorce decree is final.

After considering the parties' arguments, the court finds that while wife filed a petition nunc pro tunc for bifurcation within thirty days of the divorce decree being entered, wife did not file a petition to open or vacate the decree. Furthermore, wife's underlying petition nunc pro

tunc for bifurcation failed to assert grounds which would warrant opening the decree pursuant to 23 Pa. C.S.A. §3332. The reasons set forth in wife's petition nunc pro tunc. for bifurcation are economic in nature and do not establish sufficient justification to vacate the decree in divorce. Wife's motion for reconsideration is therefore denied.

The court will enter the following order of court affirming the order entered on April 19, 2013 denying wife's petition nunc pro tunc for bifurcation.

## ORDER OF COURT

And now, this 27th day of August, 2013, with this matter being before the court on a motion for reconsideration with Stephanie T. Anderson, Esquire, appearing and representing the plaintiff, Edward Joseph McDonough, and with Paula J. Cialella, Esquire, appearing and representing the defendant, Lynn F. McDonough, and consistent with the attached opinion, the court hereby orders and decrees as follows:

1. Defendant's motion for reconsideration is denied.

2. The order of court issued on April 19, 2013 is affirmed and incorporated by reference as though fully set forth herein.

3. The prothonotary shall properly serve notice of this order of court upon plaintiff's counsel, Stephanie T. Anderson, Esquire, and upon defendant's counsel, Paula J. Cialella, Esquire.