J-A19007-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EDWARD JOSEPH MCDONOUGH, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LYNN F. MCDONOUGH, | |
| Appellant | No. 1554 WDA 2013 |

Appeal from the Order August 28, 2013
In the Court of Common Pleas of Lawrence County
Civil Division at No(s): 10050 OF 2012, C.A.

BEFORE:  BENDER, P.J.E., OLSON, J., and FITZGERALD, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED AUGUST 12, 2014**

Lynn F. McDonough (Wife) appeals from the August 28, 2013 order that denied her Motion for Reconsideration of the trial court's April 19, 2013 order that had denied her Petition Nunc Pro Tunc for Bifurcation to allow for the resolution of economic issues in connection with Wife's and Edward Joseph McDonough's (Husband) divorce.  After review, we reverse and remand.

Husband and Wife were married on January 13, 1995, and separated on September 3, 2009.  On January 17, 2012, Husband filed a complaint in divorce, and Wife's counsel accepted service on Wife's behalf.  Thereafter,

> Husband filed an Affidavit and Waiver of Notice of Intention to Request Entry of a Divorce Decree, pursuant to §

_____

[*] Former Justice specially assigned to the Superior Court.

3301(d) of the Divorce Code on October 3, 2012. An Affidavit of Service of Husband's Affidavit and Waiver was filed a week later on October 10, 2012. Wife was served with a § 3301(d) Affidavit on October 5, 2012. Husband then filed an Affidavit of Plaintiff's Notice of Intention to Request Entry of a Divorce Decree on February 26, 2013. A Praecipe to Transmit the Record was subsequently filed by Husband on March 18, 2013, and a final Decree in Divorce was entered by this [c]ourt on March 20, 2013.

From this case's conception [*sic*] on January 17, 2012, Wife did not file an Answer or Counter-claim to Husband's Complaint. Wife did not raise economic claims or seek alternative relief with the [c]ourt. Wife did file a Notice to Resume Prior Surname following the entry of the Divorce Decree on April 4, 2013. Subsequently, on April 19, 2013, Wife filed a Petition Nunc Pro Tunc For Bifurcation. In her Petition, Wife alleged that the parties had ongoing discussions regarding a resolution of their economic issues. Wife stated that although she did not object to the entry of a Divorce Decree, it was not her intention to forego her claims for economic relief.

Trial Court Opinion (T.C.O.), 8/28/13, at 2 (unnumbered).

On the same day that Wife filed her Petition Nunc Pro Tunc for Bifurcation, Husband filed an answer, and the trial court issued its order denying Wife's request. Specifically, the court stated that "Defendant/Wife Petitioned the Court, Nunc Pro Tunc, to bifurcate this divorce action and in essence, open the divorce decree." Trial Court Order, 4/19/13, at ¶ 2. Then, with reliance on 23 Pa.C.S. § 3332 ("Opening or vacating decrees"),[1]

_____

[1] Section 3332 of the Divorce Code provides:

A motion to open a decree of divorce … may be made only within the period limited by 42 Pa.C.S. § 5505 (relating to modification of orders) and not thereafter. The motion may lie where it is alleged that the decree was procured by intrinsic fraud or that

*(Footnote Continued Next Page)*

- 2 -

the court noted the timeliness of Wife's bifurcation petition, *i.e.*, within thirty days of the date the divorce decree was entered, but concluded that Wife's "petition fails to assert intrinsic fraud or the existence of new evidence." ***Id.*** at ¶ 4. The court also noted that Wife was represented by counsel and had notice of Husband's intent to have the divorce decree entered.

Next, on May 15, 2013, Wife filed a timely Motion for Reconsideration of the April 19, 2013 order, which the trial court expressly granted that same day. ***See*** Trial Court Order, 5/15/13. The court requested that the parties submit briefs and it also scheduled a hearing for June 5, 2013. At the hearing, evidence of the economic issues and settlement negotiations was presented. However, on August 28, 2013, the court denied Wife's Motion for Reconsideration and affirmed its April 19, 2013 order denying bifurcation. In its opinion accompanying its August 28th order, the court provided its reasoning, stating:

*(Footnote Continued)* ─────────────────

> there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree. Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case.

23 Pa.C.S. § 3332.

In order to consider untimely-filed economic claims, the divorce decree must be either opened or vacated. Justice v. Justice, 612 A.2d 1354, 1357 (Pa. Super. 1992). Petitions to open the decree must be filed within 30 days. Id. (citing 42 Pa.C.S.A. § 5505). During this 30-day period, the court holds wide discretion to modify or rescind its decree. Justice, 612 A.2d at 1357. "The trial court's broad discretion is lost, however, if the court fails to act within 30 days. After this 30-day period, an order can only be opened or vacated if there is fraud or some other circumstance so grave or compelling as to constitute extraordinary cause justifying intervention by the court." Id. (citations omitted).

In her argument to the Court, Wife contends that her Petition for Bifurcation was filed within thirty days from the entry of the Divorce Decree, and the Court had broad discretion to act on her petition, without requiring proof of intrinsic fraud or new evidence. Husband alternatively argues that Wife's Motion for Reconsideration is outside the time limitations of 42 Pa.C.S.A. § 5505, and the Divorce Decree is final.

After considering the parties' arguments, the Court finds that while Wife filed a Petition Nunc Pro Tunc For Bifurcation within thirty days of the Divorce Decree being entered, Wife did not file a petition to open or vacate the Decree. Furthermore, Wife's underlying Petition Nunc Pro Tunc For Bifurcation failed to assert grounds which would warrant opening the Decree pursuant to 23 Pa.C.S.A. § 3332. The reasons set forth in Wife's Petition Nunc Pro Tunc For Bifurcation are economic in nature and do not establish sufficient justification to vacate the Decree in Divorce. Wife's Motion for Reconsideration is therefore DENIED.

T.C.O. at 3-4 (unnumbered).

Wife filed a timely appeal and raises the following three issues for our

review:

I. Did the trial court err and abuse its discretion in concluding that Wife was compelled to rely strictly on fraud or other compelling circumstances to open the divorce decree and assert her economic claims where her Petition Nunc Pro Tunc to Bifurcate and Open the Divorce Decree was timely filed within

- 4 -

thirty days of the divorce decree, affording the court wide discretion to open the decree under Pennsylvania law?

II. Did the trial court err and abuse its discretion in denying Wife's Petition Nunc Pro Tunc to Bifurcate and Open the Divorce Decree where Wife presented evidence that Husband was aware of and was negotiating for settlement of her economic claims, Husband admitted these facts, and Husband nevertheless misrepresented to the court that Wife had no economic claims?

III. Did the trial court err and abuse its discretion in denying Wife's Petition Nunc Pro Tunc to Bifurcate and Open the Divorce Decree where Husband was aware of and was negotiating for settlement of her economic claims, Husband admitted these facts, Husband nevertheless misrepresented to the court that Wife had no economic claims, Husband would not be prejudiced by granting the relief, and Wife lost substantial rights?

Wife's brief at 3.

Wife's issues each identify her Petition Nunc Pro Tunc for Bifurcation, in which she claims that she was also requesting the court to open the divorce decree. She asserts that the parties had been discussing economic issues, including the division of Husband's pension, alimony, health insurance and the removal of Wife's name from the mortgage and deed on Husband's present residence. Although Wife's petition does not specifically request the opening of the decree, she recognizes that to consider untimely-filed economic claims, the decree must be either opened or vacated, citing **Melton v. Melton**, 831 A.2d 646, 651 (Pa. Super. 2003). The **Melton** court explains that:

In order to consider untimely-filed economic claims, the divorce decree must be either opened or vacated. **Justice [v. Justice]**, 612 A.2d [1354, 1357 (Pa. Super. 1992)]. Petitions to open the decree must be filed within 30 days. **Id.**, citing, 42 Pa.C.S.A. § 5505; **see also**, 23 Pa.C.S.A. § 3332. During this 30-day

period, the court holds wide discretion to modify or rescind its decree. ***Justice***, 612 A.2d at 1357. "The trial court's broad discretion is lost, however, if the court fails to act within 30 days. After this 30-day period, an order can only be opened or vacated if there is fraud or some other circumstance so grave or compelling as to constitute extraordinary cause justifying intervention by the court." ***Id.*** (citations omitted). … After 30 days, the divorce decree may be vacated only as a result of extrinsic fraud, lack of subject matter jurisdiction, or a fatal defect apparent on the face of the record. 23 Pa.C.S.A. § 3332; ***Justice***, ***supra***.

***Id.*** at 651. It is apparent that the trial court relied on this statement of the law.

We are also cognizant that

"[a] major premise of the Divorce Code is to effectuate economic justice between the parties." ***Wang v. Feng***, 888 A.2d 882, 892 (Pa. Super. 2005) (quoting ***Wagoner v. Wagoner***, 538 Pa. 265, 269, 648 A.2d 299, 301 (1994)). Additionally, case law instructs that the equitable purposes which underlie the Divorce Code allow for liberal interpretation of its provisions. ***Id.*** (citing ***Wagoner, supra***). The Divorce Code has long authorized the severance of economic issues from the divorce itself. ***See, e.g., Prall v. Prall***, 698 A.2d 1338, 1340 (Pa. Super. 1997) (explaining that bifurcation is permitted within the discretion of the trial court based on a thorough review of the record). Significantly, the legislature very recently amended the Divorce Code to allow for bifurcation based merely on consent of both parties. 23 Pa.C.S.A. § 3323(c.1).

***Lowers v. Lowers***, 911 A.2d 553, 555 (Pa. Super. 2006).

As noted above, the trial court's statement in its order issued on April 19, 2013, that denied Wife's Petition Nunc Pro Tunc for Bifurcation, recognized that the petition was "in essence [requesting that the court] open the divorce decree." Trial Court Order, 4/19/13, at ¶ 2. The April 19th order also indicated that although Wife filed this petition within thirty days of the

divorce decree, "her petition fail[ed] to assert intrinsic fraud or the existence of new evidence." *Id.* at ¶ 4. Despite these statements in the trial court's April 19th order, its opinion issued on August 28, 2013, indicates that no petition to open or vacate the decree was filed and implies that since only economic reasons were alleged, Wife did not establish "sufficient justification to vacate the Decree in Divorce." T.C.O. at 4 (unnumbered).

Simply stated, we disagree with the trial court's inconsistent determinations in this case. Although Wife acknowledged that she did not object to the divorce and had not "filed a formal request for economic relief[,]" she asserted that she had no "intention to forego any of her rights for economic relief." Petition Nunc Pro Tunc for Bifurcation, 4/19/13. Moreover, she averred that she was receiving spousal and child support and identified specific economic issues that the parties had been discussing.[2] Additionally, Wife asserted that she would be "highly prejudiced" if the bifurcation was not granted, and Husband would not be prejudiced by the resolution of the economic factors. *Id.*

Notably, the divorce decree contains the following language:

_____

[2] Wife filed a motion with this Court to supplement the record, which was granted by order dated June 19, 2014. The supplement apprises this Court of a court order concerning the settlement of Husband's workers' compensation case. Wife identifies the order as referenced by Husband's attorney, which provides that $22,000 of the settlement was to be an advance for equitable distribution purposes. *See* Reproduced Record at 60a (N.T., 6/5/13, at 38).

The Court hereby retains jurisdiction of any claims raised by the parties to this action for which a final order has not been entered.

Any existing spousal support order shall hereafter be deemed an Order for alimony pendent lite if any economic claims remain pending.

Divorce Decree, 3/21/13.

This recognition by the court, and its wide discretion to modify or rescind its decree during the initial thirty-day period following the entry of the divorce decree, constitutes a viable basis to grant Wife's request to bifurcate and/or open the decree. Clearly, Wife's counsel failed to assert Wife's economic claims in the ordinary course. However, the timely request prior to the passage of the thirty-day period provided the court with the opportunity to correct the error committed by Wife's attorney and would be consistent with the equitable purposes of the Divorce Code. The court had wide discretion to grant relief in this case and did not do so. Under the circumstances, we conclude that the court abused its discretion in failing to open the decree and consider Wife's economic claims. Accordingly, we reverse the order appealed from and remand this matter for further proceedings.

Order reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/12/2014