J-S02037-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| JAYNE DOVIN | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| GARY GRIMM | |
| Appellant | No. 1014 EDA 2014 |

Appeal from the Order Entered February 27, 2014
In the Court of Common Pleas of Montgomery County
Civil Division at No.: 11-27319

BEFORE:  MUNDY, J., OLSON, J., and WECHT, J.

MEMORANDUM BY WECHT, J.:                **FILED FEBRUARY 18, 2015**

Gary Grimm ("Husband") appeals *pro se* the February 27, 2014 order

that denied his petition to open his divorce decree.  We affirm.

The trial court made the following findings of fact:

The parties, Jayne Dovin ("Wife") and [Husband] were married
on October 17, 1997.  On September 29, 2011, Wife, through
counsel, filed a divorce complaint, which included a count for
equitable distribution.  On January 31, 2012, Wife filed an
amended complaint, which omitted her previous request for
economic relief.  On March 19, 2012, Husband, acting *pro se*,
filed a Response to Wife's divorce complaint and a [23 Pa.C.S.A.
§] 3301(d) counter affidavit.  However, rather than use a form
counter affidavit, Husband modified and included his own
language within the document.  On August 3, 2012, Attorney
Adam Tanker entered his appearance on behalf of Husband.  At
no point was an amended Answer or 3301(d) Counter Affidavit
ever filed.  On January 17, 2013, the parties appeared before
the undersigned on an issue regarding the date of separation
and allegedly, according to Husband, engaged in negotiations
regarding the settlement of the marital estate.

On April 26, 2013, Attorney Tanker withdrew from the case and on June 19, 2013, Attorney John Mulholland, Jr., entered his appearance on behalf of Husband. On August 28, 2013, Wife filed a certificate of service verifying that she served Attorney Mulholland with a notice of intention to request entry of divorce decree. On September 17, 2013, Wife filed a praecipe to transmit the record requesting a no relief granted divorce. On October 2, 2103, the [trial court] entered a divorce decree. On October 30, 2013, Husband filed a "Petition to Open Decree of Divorce." The [trial court] did not rule on the petition within thirty days; rather, on February 4, 2014, the parties appeared before the undersigned for a short list conference on the issue where Husband presented testimony and the parties were ordered to submit briefs by February 20, 2014 at which time the [trial court] took the issue under advisement.

Trial Court Opinion ("T.C.O."), 2/27/2014, at 1.

On February 27, 2014, the trial court issued a memorandum opinion and order denying Husband's petition. On March 31, 2014, Husband timely filed a notice of appeal. The trial court ordered, and Husband timely filed,[1] a concise statement of errors complained of on appeal pursuant Pa.R.A.P. 1925(b). The trial court did not file a Rule 1925(a) opinion.

Husband raises two issues for our review:

I. Whether the lower court abused its discretion and committed an error of law in denying [Husband's] petition to open divorce decree after he presented evidence of fraud?

II. Whether the lower court abused its discretion and deviated from the statute in the analyzation [sic] and distribution of marital assets when erroneous valuations were used and thus the divorce decree should not have been entered?

---

[1] Although Husband's notice of appeal and his briefing in this Court were pro se, Husband's concise statement was filed by counsel.

Husband's Brief at 6.

An order denying a request to open a divorce decree is a final, appealable order. *Danz v. Danz*, 947 A.2d 750, 751 n.1 (Pa. Super. 2008). "Our standard of review over an order denying a motion to open or vacate a divorce decree requires us to determine whether an abuse of discretion has been committed." *Id.* at 752.

Opening and vacating divorce decrees is governed by statute, which states:

> A motion to open a decree of divorce or annulment may be made only within the period limited by 42 Pa.C.S.[A.] § 5505 (relating to modification of orders) and not thereafter. The motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree. Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence of precluding a fair hearing or presentation of one side of the case.

23 Pa.C.S.A. § 3332. Section 5505 provides that the trial court only may modify orders within thirty days of issuing the order. 42 Pa.C.S.A. § 5505.

Husband first argues that he alleged and proved that there was extrinsic fraud that would allow the decree to be opened within five years of entry of the decree. Husband contends that Wife had deposited marital funds into a secret trust in her nephew's name and that Wife did not disclose

information about the trust despite requests to do so. Husband argues that this prevented him from presenting a full and fair case to the trial court. Husband also asserts that the trial court erroneously concluded that he conceded a lack of fraud. He contends that he merely conceded that Wife did not state affirmatively that "economic claims would survive the divorce decree." Husband's Brief at 17-22. Husband concludes that, because he offered evidence of fraud, the trial court erred in not opening the decree. Husband's Brief at 23-27.

We have defined extrinsic fraud as follows:

By the expression 'extrinsic or collateral fraud' is meant some act or conduct of the prevailing party which has prevented a fair submission of the controversy. Among these are the keeping of the defeated party away from court by false promise of compromise, or fraudulently keeping him in ignorance of the action. Another instance is where an attorney without authority pretends to represent a party and corruptly connives at his defeat, or where an attorney has been regularly employed and corruptly sells out his client's interest. The fraud in such case is extrinsic or collateral to the question determined by the court. The reason for the rule is that there must be an end to litigation; and, where a party has had his day in court and knows what the issues are, he must be prepared to meet and expose perjury then and there.

***Ratarsky v. Ratarsky***, 557 A.2d 23, 26 (Pa. Super. 1989) (citations omitted).

We have previously held that a failure to disclose assets does not equate to extrinsic fraud. ***See id.*** at 26 (no extrinsic fraud in failing to disclose cash surrender value of insurance policy when parties had engaged in negotiations and spouse was informed of the identities of the policies);

- 4 -

*Major v. Major*, 518 A.2d 1267, 1273 (Pa. Super. 1986) (failure to disclose military pension did not amount to extrinsic fraud). Further, Husband admitted that he was aware of the trust, but that Wife did not turn over documents relating to it in discovery. Notes of Testimony ("N.T."), 2/4/2014, at 9. Husband saw documentation about the trust and its value in 2007. *Id.* If Wife would not turn over trust documents in discovery, Husband could have sought recourse through a motion filed in the trial court. Husband's counsel "ha[d] a duty to protect his client's best interests by fully investigating the extent of the marital assets." *Ratarsky*, 557 A.2d at 26. Although Husband asserts that he believed that negotiations relating to economic claims meant those claims would not be affected by the decree, Husband admitted that negotiations ended in April 2013 when Attorney Tanker withdrew, which was several months before entry of the divorce decree. N.T., 2/4/2014, at 9-10. Husband has not proven extrinsic fraud and the trial court did not err in so finding.

Husband next argues that his attorney failed to inform him of the consequences of entry of the divorce decree. His attorney also did not tell Husband that a responsive pleading or claim for economic relief had to be filed prior to entry of the decree to preserve the claims, even after the attorney was served with the notice of intention to request entry of a decree. Husband contends that his attorney's failure is sufficient "to constitute extraordinary cause justifying" the court to open the decree. Husband's Brief at 27-29.

In ***Justice v. Justice***, the wife's attorney failed to preserve economic claims by failing to file a responsive pleading to the divorce complaint or when the attorney received the notice of intent to seek the divorce decree. 612 A.2d 1354, 1356 (Pa. Super. 1992). The decree was entered and the wife was foreclosed from then raising economic claims. Although the wife admitted her claims were barred by her attorney's "inadvertence," she sought to vacate or open the divorce decree upon the basis of economic justice. ***Id.*** We noted that an attorney's oversight does not constitute extraordinary cause to allow relief beyond the normal thirty-day period in which the trial court had the authority to modify a judgment. ***Id.*** at 1358. We held that the attorney's inadvertence, while extrinsic to the case, was not fraud and did not permit the trial court to open the divorce decree. ***Id.*** at 1360. ***See also Stockton v. Stockton***, 698 A.2d 1334, 1338 (Pa. Super. 1997) (interpreting 23 Pa.C.S.A § 3332 and 42 Pa.C.S.A. § 5505 as applied to a qualified domestic relations order ("QDRO") and holding allegations of counsel's failure to communicate adequately and party's dissatisfaction with counsel were insufficient to prove fraud or allow the trial court to modify a QDRO). Similarly, Husband's claim of his attorney's failure to communicate to him the consequence of the divorce decree cannot prove fraud by Wife. That claim also does not support opening the decree upon the basis of extraordinary circumstances.

Husband next asserts that the trial court had jurisdiction to open the divorce decree without Husband proving extrinsic fraud. Husband argues

that he filed his petition to open within thirty days of the entry of the decree and that, as long as the court acted before the thirty-day deadline, the court could grant the petition after the thirty days. Husband contends that he should not be penalized because the trial court failed to act. Husband's Brief at 30-33.

"The trial court's broad discretion [to modify, rescind, or reconsider] is lost . . . if the court fails to act within 30 days." *Justice*, 612 A.2d at 1357. Absent extrinsic fraud, lack of subject matter jurisdiction, or a fatal defect on the face of the record, 23 Pa.C.S.A. § 3332, the trial court may not open or vacate a divorce decree after those thirty days have elapsed. Husband has not proven fraud and has not alleged a lack of subject matter jurisdiction or a fatal defect. Husband provides only an appeal to the equities of the case as support to allow the trial court to open the decree. However, that is not sufficient to allow the trial court to open the decree once final and there was no error by the trial court in refusing to do so. *See Melton v. Melton*, 831 A.2d 646, 651 (Pa. Super. 2003) ("[A] general plea to economic justice" will not allow a divorce decree to be opened after the thirty-day period has expired.)

Next, Husband argues that his due process rights were violated. Specifically, Husband claims that Wife intentionally failed to provide Husband with proper notice of court filings. Husband also claims that he was denied a hearing. Husband's Brief at 34-35.

- 7 -

Rule 440 sets forth the manner of service for non-original process, such as the notice of intent to request the divorce decree:

Copies of all legal papers other than original process filed in an action or served upon any party to an action shall be served upon every other party to the action. Service shall be made

(i) by handing or mailing a copy to or leaving a copy for each party at the address of the party's attorney of record endorsed on an appearance or prior pleading of the party, or at such other address as a party may agree. . . .

Pa.R.C.P. 440(a); *see also G.A. v. D.L.*, 72 A.3d 264, 269 (Pa. Super. 2013) ("Valid service was complete when Mother's attorney received a copy of the [contempt] petition.").

Although Husband asserts that he was *pro se*, the record indicates that Attorney Mulholland entered his appearance on June 19, 2013. The notice of intention to request the divorce decree was docketed on August 29, 2013 and contained a certificate of service attesting that it was mailed to Attorney Mulholland. Wife complied with the notice requirements and there is no due process violation. Further, there no indication that Husband requested a hearing, so the trial court did not err by not holding a hearing on economic claims. As we said in *Flowers*, "[t]his is a case in which the [appellant] had ample notice of every procedural step taken by the plaintiff. . . . A party who never filed a counterclaim or any other type of pleading despite having notice and the opportunity to be heard cannot now complain that her rights are in jeopardy." *Flowers v. Flowers*, 4 612 A.2d 1064, 1067 (Pa. Super. 1992).

Finally, Husband asserts that the trial court erred in failing to follow the statute that directs the factors to be considered in equitable distribution. However, the court cannot consider equitable distribution unless it is raised in the pleadings. ***See*** 23 Pa.C.S.A. § 3104(a) ("The courts shall have original jurisdiction in cases of divorce. . . and shall determine, in conjunction with any decree granting a divorce or annulment, the following matters, *if raised in the pleadings* . . . [t]he determination and disposition of property rights and interests between spouses. . . .") (emphasis added). Here, Wife's amended complaint did not contain a count for equitable distribution and Husband filed no responsive pleading that raised the issue. The trial court did not err in failing to apply the equitable distribution factors when equitable distribution was never raised.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2015