J-A26011-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| ANDREW KUNDRATIC | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SOPHIA KUNDRATIC | |
| Appellee | No. 501 MDA 2015 |

Appeal from the Order Entered February 18, 2015
In the Court of Common Pleas of Luzerne County
Civil Division at No.: 2006-04975

BEFORE:  FORD ELLIOTT, P.J.E., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:                    **FILED DECEMBER 15, 2015**

Andrew Kundratic ("Husband") appeals the February 18, 2015[1] order

that denied his petition to open or vacate his divorce decree.  We affirm.

> [Husband] and Sophia Kundratic [("Wife"}] married on May 9,
> 1992.  On May 2, 2006, [Husband] filed a complaint in divorce
> against [Wife], seeking a decree in divorce and an order
> equitably dividing the marital property.  The trial court appointed
> a master to determine the equitable distribution issues and the
> master held a three-day equitable distribution hearing, which
> spanned the days of January 12, 2009, July 2, 2009, and July 9,
> 2009.

***Kundratic v. Kundratic***, 2057 MDA 2013, slip op. at 1 (Pa. Super.  Aug.

26, 2014) (citations omitted).

---

[*]     Retired Senior Judge assigned to the Superior Court.

[1]     The order was dated February 10, 2015, but docketed on February 18, 2015.

On November 10, 2009, the master issued a recommendation and report in which he recommended that Wife receive 55% of the marital estate, including the marital residence, and that Husband receive 45%. Both parties filed exceptions to the master's report. Although the trial court held that the marital residence was valued correctly, the court granted certain exceptions to the master's report and remanded the case to the master for further proceedings. On September 21, 2011, the trial court entered a divorce decree, which incorporated the November 10, 2009 master's report and recommendation and a July 18, 2011 master's supplemental report and recommendation.

Husband filed a notice of appeal to this Court. We held that the trial court erred in failing to consider all of the real estate appraisals submitted by both parties and we remanded the case for the limited purpose of determining the value for the marital residence. While the case was on remand to the trial court, on September 23, 2013, Husband filed a petition in the trial court to vacate the divorce decree. Husband alleged fraud, including claims that his own prior counsel had been ineffective.

On October 31, 2013, the trial court denied Husband's petition to vacate the divorce decree without a hearing. Husband then filed a notice of appeal of that order. We affirmed the trial court's dismissal. Although we noted that Husband's petition fell outside of the limited scope of the remand, we addressed the merits of his claims.

On December 5, 2014, Husband filed another petition to open or vacate the divorce decree. Husband claimed that various people, including Wife, counsel, and the master, engaged in fraud and that he discovered this through depositions taken in a federal case in 2013. On February 18, 2015, the trial court denied Husband's petition without a hearing.

On March 10, 2015, Husband filed the instant appeal. On March 13, 2015, pursuant to Pa.R.A.P. 1925(b), the trial court ordered Husband to file a concise statement of errors complained of on appeal. On April 1, 2015, Husband timely complied. On April 27, 2015, the trial court filed a statement pursuant to Pa.R.A.P. 1925(a). In its two paragraph statement, the trial court stated that the divorce had been "thoroughly litigated" and that the issues Husband raised had been addressed in prior appeals. Trial Court Opinion, 4/27/2015, at 1.

Husband listed four issues for our review:

> (1) Did the trial court abuse its discretion by denying [Husband] the opportunity to bring forward newly discovered evidence from a federal complaint clearly showing "fraud upon the courts" and [Husband] should be barred from any statute of limitations?
>
> (2) Did the trial court err[] or abuse[] its discretion when it denied the petition to open or vacate a hearing, when newly discovered evidence and facts clearly proved a conspiracy to defraud, fraud, attorney misconduct, perjury by Officers of the Court which defiled the courts and violating [Husband's] and daughter's rights under the fourth, fifth, sixth, eighth, thirteenth, and fourteenth amendments to the [U]nited [S]tates [C]onstitution?
>
> (3) Did the trial court err[] or abuse[] its discretion when it denied the petition to open or vacate the divorce without a

hearing, when the Masters' rulings and actions were bias [*sic*] and unlawful at times and always favoring [Wife]?

(4) Should the matter of attorney fees, sanctions, punitive damages, eight years of rental fees from paramour and [Wife], reimbursement of unnecessary APL, damages to assets and [Husband's] time and cost be remanded to the trial court to determine such fees and amount?

Husband's Brief at 4-5.

Before reaching the merits of Husband's issues, we must ensure that they have been preserved. Issues not included in the Rule 1925(b) statement are waived. ***See Commonwealth v. Hairston***, 84 A.3d 657, 672 (Pa. 2014) (citing ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005)). Husband did not include his third and fourth issues in his Rule 1925(b) statement and, therefore, those issues are waived.

Turning to Husband's remaining issues, we review an order denying a petition to open or vacate a divorce decree for an abuse of discretion. ***Danz v. Danz***, 947 A.2d 750, 752 (Pa. Super. 2008). Opening or vacating a divorce decree is governed by statute, as follows:

A motion to open a decree of divorce or annulment may be made only within the period limited by 42 Pa.C.S. § 5505 (relating to modification of orders) and not thereafter. The motion may lie where it is alleged that the decree was procured by intrinsic fraud or that there is new evidence relating to the cause of action which will sustain the attack upon its validity. A motion to vacate a decree or strike a judgment alleged to be void because of extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent upon the face of the record must be made within five years after entry of the final decree. Intrinsic fraud relates to a matter adjudicated by the judgment, including perjury and false testimony, whereas extrinsic fraud relates to matters collateral to the judgment which have the consequence

- 4 -

of precluding a fair hearing or presentation of one side of the case.

23 Pa.C.S.A. § 3332. "[T]he only basis for vacating a decree within 30 days is intrinsic fraud. Beyond the 30 day limitation period a party must show extrinsic fraud, lack of jurisdiction over the subject matter or a fatal defect apparent from the record." *Justice v. Justice*, 612 A.2d 1354, 1358 (Pa. Super. 1992). Although Husband does not specify, because the divorce decree is more than thirty days from entry, it appears that Husband is alleging extrinsic fraud. Extrinsic fraud is defined as follows:

By the expression 'extrinsic or collateral fraud' is meant some act or conduct of the prevailing party which has prevented a fair submission of the controversy. Among these are the keeping of the defeated party away from court by false promise or compromise, or fraudulently keeping him in ignorance of the action. Another instance is where an attorney without authority pretends to represent a party and corruptly connives at his defeat, or where an attorney has been regularly employed and corruptly sells out his client's interest. The fraud in such case is extrinsic or collateral to the question determined by the court. The reason for the rule is that there must be an end to litigation; and, where a party has had his day in court and knows what the issues are, he must be prepared to meet and expose perjury then and there. Where the alleged perjury relates to a question upon which there was a conflict, and it was necessary for the court to determine the truth or falsity of the testimony, the fraud is intrinsic and is concluded by the judgment, unless there be a showing that the jurisdiction of the court has been imposed up, or that by some fraudulent act of the prevailing party the other has been deprived of an opportunity for a fair trial.

*Id.* at 1358 (quoting *Fenstermaker v. Fenstermaker,* 502 A.2d 185, 188 (Pa. Super. 1985)) (citations omitted).

In his first issue, Husband, citing mostly federal case law and rules of procedure, argues that he should not be subject to a statute of limitations because he only just discovered evidence of fraud. Husband asserts that this evidence came to light in March 2013 while taking depositions for a federal suit that he instigated against his former counsel, Wife's counsel, the guardian *ad litem*, the divorce master and others. Husband's Brief at 6, 32-35. In his second issue, Husband, again citing federal case law, argues that the attorneys in his divorce case "were all in collusion with each other" and "indicate[d] a conscious effort . . . to undermine [Husband's] ability to prevail in court." *Id.* at 38. Husband maintains that this collusion equated to a fraud upon the court sufficient to open and/or vacate his divorce decree. *Id.* at 35-39.

It is difficult to decipher exactly what Husband is alleging and even more difficult to determine which allegations are purported to be newly discovered from these depositions.[2] Although Husband does not detail the actual fraud that he has discovered in the argument section of his brief, in his statement of facts, he indicates that his attorneys engaged in fraud, that Wife misreported her income causing a tax lien on the marital residence, that Wife removed some of Husband's papers when she turned over his

_____

[2] Husband has appended snippets of these depositions to his petition and reproduced record. The portions Husband has provided are not official pages of a deposition, but testimony that Husband has typed without context and without any verification of accuracy or authenticity.

personal items, and that Husband's attorney and the guardian *ad litem* did not respond to complaints by the parties' child. Id. at 8-18.

Husband's allegations of fraud related to his own attorneys have already been litigated. Husband's September 23, 2013 petition alleged that his attorneys had engaged in fraudulent behavior such that his divorce decree should be vacated and/or opened. This Court reviewed those claims and affirmed the denial of Husband's petition because allegations of ineffective assistance of counsel did not amount to extrinsic fraud. **Kundratic**, 2057 MDA 2013 slip op. at 8 (citing **Melton v. Melton**, 831 A.2d 646 (Pa. Super. 2003); **Stockton v. Stockton**, 698 A.2d 1334 (Pa. Super. 1997); **Ratarsky v. Ratarsky**, 557 A.2d 23 (Pa. Super. 1989)). To the extent that Husband raises that same arguments here, we can not overrule a decision made by a prior panel. **See Czimmer v. Janssen Pharm., Inc.**, 122 A.3d 1043, 1063 n.19 (Pa. Super. 2015). To the extent Husband raises new allegations regarding his attorneys competency (*i.e.*, failure to object to hearsay, **see** Husband's Brief at 19-20), we reject them because they do not amount to extrinsic fraud.

Husband has also alleged that Wife withheld information about a tax lien, withheld documents from Husband, and perjured herself on numerous occasions. Husband alleges that other witnesses also perjured themselves. Husband's Brief at 21, 23-24, 31. As noted in **Justice**, perjury, when related to an issue in conflict in the litigation, is an intrinsic issue. 612 A.2d at 1358. As such, these claims do not amount to extrinsic fraud.

Many of Husband's allegations stem from trial court rulings with which he disagrees, *i.e.*, disallowance of photographic evidence, the divorce master's valuations of various assets. He makes bald allegations that the rulings were based upon some fraudulent conduct either by his attorneys or by Wife's attorney. Husband's Brief at 22, 26-27, 29-30. The avenue for challenging a court ruling is through a timely notice of appeal. Husband has filed previous appeals to this Court. Husband cannot find relief in recasting those challenges as a petition to open or vacate his divorce decree. Nor can he overcome the untimeliness of any appeal from the trial court's prior rulings. None of Husband's identified claims amount to extrinsic fraud.

To the extent that Husband raises other claims, they are waived. It is incumbent upon the appellant to provide a reasoned legal argument. *See* ***Commonwealth v. Hardy***, 918 A.2d 766, 771 (Pa. Super. 2007) ("When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. . . . This Court will not act as counsel and will not develop arguments on behalf of an appellant.") (citations omitted). As noted above, Husband's allegations are difficult to decipher, his citations to federal authority are not persuasive, and he has failed generally to present a reasoned legal argument. We will not scour the record to find support for Husband's allegations, nor will we develop his

argument for him. Therefore, we find no abuse of discretion by the trial court in denying Husband's petition to open or vacate the divorce decree.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/15/2015